STATE *vs.* JAMES WELCH and DANIEL WELCH.

Cumberland. Opinion February 10, 1887.

*Search and seizure. Intoxicating liquors. Affirming to complaint. R. S., c. 27, § § 40, 57. Former conviction.*

A complaint for search and seizure of intoxicating liquors under R. S., c. 27, § 40, may be made on affirmation by one who is conscientiously scrupulous of taking an oath.

The certificate of the magistrate to whom such a complaint is made, which recites the fact that the complainant made solemn affirmation to the complaint is conclusive, not only that the complainant was "conscientiously scrupulous of taking an oath," but that he formally "affirmed under the pains and penalties of perjury."

Such a complaint need not allege that the complainant has "probable cause to believe," it is enough for the complainant to allege that he does in fact believe that intoxicating liquors are thus kept.

'Technical accuracy is not required in setting out a former conviction under R. S., c. 27, § 57. The allegations in this complaint are sufficient and need not allege that the judgment has not been annulled.

ON exceptions from the superior court.

(Complaint.)

" State of Maine.  Cumberland, ss.  To the recorder (the judge being absent from the court room,) of our municipal court for the city of Portland, in the county of Cumberland.

" Ezra Hawkes of Portland, in said county, competent to be a witness in civil suits, on the twenty-fifth day of March, A. D. 1886, in behalf of said State, on solemn affirmation, complains that he believes that on the twenty-fifth day of March, in said year, at said Portland, intoxicating liquors were, and still are kept and deposited by James Welch and Daniel Welch of Portland, in said county, in the shop and its appurtenances, situated on the northerly side of Pleasant street, in said Portland, and numbered one on said street, and occupied by said James and Daniel Welch, said James and Daniel Welch not being then and there authorized by law to sell said liquors within said State, and that said liquors then and there were, and now are intended by said James and Daniel Welch for sale in the State in violation of law, against the peace of the State and contrary to the form of the statute in such case made and provided.

"And the said complainant, on his solemn affirmation aforesaid, further alleges and complains, that the said James Welch has been before convicted in the municipal court, for the city of Portland, to wit, on the fourth day of May, A. D. 1882, of unlawfully keeping and depositing in this State, in said county of Cumberland, intoxicating liquors, with the intent that said liquors should be sold in this State in violation of law, against the peace of the State and contrary to the form of the statute in such case made and provided.

" He therefore prays that due process be issued to search the premises hereinbefore mentioned, where said liquors are believed to be deposited, and if there found, that the said liquors and vessels be seized and safely kept until final action and decision be had thereon, and that said James and Daniel Welch be forthwith apprehended and held to answer to said complaint, and to

do and receive such sentence as may be awarded against them.

EZRA HAWKES.

"Cumberland, ss. On this twenty-fifth day of March aforesaid, personally appeared the said Hawkes and made solemn affirmation that the above complaint, by him signed, is true.

"Before me,            EDWIN L. DYER, *Said Recorder.*"

*George M. Seiders,* county attorney, for the State.

*W. F. Lunt,* for defendant.

Unless the right to affirm to a complaint is conferred by statute, such affirmation is a nullity. At common law, the evidence for the king must in all cases be upon oath. Hawkins' Pleas of the Crown, book 2, c. 46, § 29. The affirmation of a Quaker was excluded in criminal cases, by statute. 7 & 8 Will. 3 c. 34, § 6, *vide* Burns' Justice, 254. The existence of this rule was recognized when certain privileges of affirmation were conferred by the Provincial Ordnance of December, 1758, (Ancient Charters and Laws of Massachusetts Bay,) yet by that ordnance, the right to affirm was limited, and no Quaker could sit as a juror in the trial of a criminal cause, unless he took the oath by law required.

"The word oath includes an affirmation, when affirmation is allowed." "The words 'sworn,' 'duly sworn,' or 'sworn according to law,' used in a statute, record, or certificate of administration of an oath, refer to the oath required by the Constitution, or laws in the case specified, and include every necessary subscription to such oath." R. S., c. 1, § 6. "When a person required to be sworn, is conscientiously scrupulous of taking an oath, he may affirm." R. S., c. 1, § 7. "No warrant to search any place, or seize any person or thing, shall issue without a special designation of the place to be searched, and the person or thing to be seized; or without probable cause—supported by oath or affirmation." Article 1, § 5, Const. of Maine.

It is settled law, that the facts essential to the exercise of

special jurisdiction must affirmatively appear in such complaints. *Galpin* v. *Page*, 18 Wall. 371 ; *U. S.* v. *Stowell*, 2 Curtis, C. C. 161-2. One jurisdictional averment, required in § 40, c. 27, as to the competency of the complaint, appears.

When a right of procedure is affirmatively granted by statute in a specified manner, the right to proceed in any other way is impliedly negatived. *U. S.* v. *Moore*, 3 Cranch, 170 ; *Durousseau* v. *U. S.* 6 Cranch, 314. And § 11, c. 132, R. S., expressly negatives any method of procedure except as specified in § 12.

If the complainant was not a person conscientiously scrupulous of taking an oath, his complaint made on affirmation would not be lawfully verified, and the magistrate could not issue his warrant. In such a case a false affirmation, willfully and corruptly made, would not subject the complainant to a prosecution for perjury, because such affirmation is not authorized by law and no conviction could follow. *State* v. *Mace*, 76 Maine, 66.

In *State* v. *Harris*, 7 N. J. L. (2 Hals.) 361, and *State* v. *Fox*, 9 N. J. L. (2 Hals.) 244, it was held that, "Where an indictment appears to be on affirmations of some of the grand jurors, it must appear that they were legally entitled to serve on these mere affirmations, or the indictment will be fatally defective."

The word "required" in the statute does not mean voluntary action, nor a mere verbal and unauthorized request, but it does mean, compelled by legal authority. See 2 Term Report, 1, for the meaning of the word "required" in a statute.

The allegation of intent does not set out briefly or at length, any offence under the statutes of Maine, nor does it describe an offence under section 40, c. 27. A sufficient allegation of an intent on the part of said James Welch, to wit : that the liquors referred to were by him intended for unlawful sale, is omitted. Such a clear averment is necessary, *State* v. *Learned*, 47 Maine, 426 ; *State* v. *Miller*, 48 Maine, 576, to bring the description of an offence within the statute. Nor is there any allegation, that the conviction remains in force, or has not been vacated by appeal, &c.

The statute cannot override the provisions of the Constitution

and make bad pleading good. *State* v. *Mace*, 76 Maine, 65 ; § 370 Bishop on Statutory Crimes, especially as to allegation of intent. Whatever is indispensably necessary to be proved, must be alleged. *State* v. *Verrill*, 54 Maine, 414 ; *State* v. *Philbrick*, 31 Maine, 401.

The prayer for process is defective, because the liquors to be seized are not mentioned with certainty. "Said liquors," may as well refer to the liquors mentioned in the allegation of a former conviction, as to any other. The word "said" does not incorporate a previous description, that is to say, the word "said" as used in the prayer of process, does not designate the liquors alleged to be deposited in the shop on Pleasant street. *Rex* v. *Cheere*, 4 Barn. & Cres. 902 ; 7 Dowling & Ryland, 461. The place to be searched and the article to be seized should be designated with certainty when a search warrant is prayed for. The designation must be special. Art. 1, § 5, Const. of Maine ; § 12, c. 132, R. S. The allegation is uncertain and the prayer defective. *Jane (a slave)* v. *State of Missouri*, 3 Mo. 61.

VIRGIN, J. The defendants, under their demurrer to the complaint, object that it was made on affirmation and hence is not a "sworn complaint," which § 40, c. 27, R. S., on which it is founded, designates.

The answer is : A warrant may be issued " when supported by oath or affirmation." Const. Art. 1, § 5. And inasmuch as the word " oath includes affirmation when affirmation is allowed," (R. S., c. 1, § 6, cl. xii), a "sworn complaint" includes one made on affirmation, when the complainant is allowed to affirm. In the revision of 1883, the commissioner and legislature substitute " sworn complaint " for " complaint upon oath or affirmation," in R. S., 1871, c. 27, § 35.

Moreover " he may affirm, when required to be sworn, and is conscientiously scrupulous of taking an oath." R. S., c. 1, § 7. "A person is required to be sworn " when he makes a complaint under this statue, for he cannot make it in any manner other than on oath or affirmation. It would be hypecritical to

hold that " one conscientiously scrupulous of taking an oath" could not lawfully make a complaint under this statute for the reason that it provides for a " sworn complaint."

This complaint alleges that it was made " on solemn affirmation." The certificate of the magistrate recites the same fact. And the certificate is conclusive not only that the complainant was " conscientiously scrupulous of taking an oath," but that he formally " affirmed under the pains and penalties of perjury," as is required by R. S., c. 82, § 104. *State v. Blake,* 79 Maine.

2. The complaint is founded on R. S., c. 27, § 40, and not on c. 132, § 11; and hence need not allege that the complainant " has probable cause to suspect and does suspect," but by following the language of the statute on which it is based it is sufficient. *State v. Nowlan,* 64 Maine, 531.

3. Technical accuracy is not required in setting out a former conviction under R. S., c. 27, § 57. The purpose of this provision was to obviate the merely technical objections that might otherwise be made upon common law principles to the allegations and proof of such convictions. *State v. Wentworth,* 65 Maine, 234; *State v. Hurley,* 69 Maine, 573. No practical wrong can grow out of this mode. *State v. Gorham,* 65 Maine, 270. If the judgment of the former conviction has been vacated in anywise, it can be shown in defence.

4. The objection that " said liquors" in the prayer for process may mean those mentioned in the allegation relating to a prior conviction is too fine to prevail.

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY, EMERY and HASKELL, JJ., concurred.

