J. F. SEIBERLING, Appellee, v. ANDREW SCHUSTER, Appellant.

Setting Aside Judgment : ABSENCE OF DEFENDANT : APPEAL.

*Appeal from Webster District Court.*—HON. S. M. WEAVER, Judge.

WEDNESDAY, OCTOBER 7, 1891.

ACTION upon a promissory note. The defendant, after pleading more than one defense in his answer, failed to be present when the case was called for trial, and, thereupon, a judgment was entered against him upon the note. A motion by the defendant to set aside the judgment, and permit a trial of the case on the merits, was overruled. From this ruling he appeals.—*Affirmed.*

*Albert E. Clark,* for appellant.

*A. W. Botsford,* for appellee.

BECK, C. J.—I. The defendant, as a defense, pleads that he did not execute the note, and that it is forged; that, if his signature was affixed to the note, it was procured when he was drunk, and incapable of making contracts, and that he received no consideration for the note. The judgment in the case, and the proceedings preliminary thereto, are shown by the abstract in the following language: "And thereafter, at the regular February, 1889, term of said court, which term commenced on February 25, 1889, the said cause was assigned for trial on the afternoon of Wednesday, February 27, that being the first day of the term upon which the jury was summoned to appear, and this case being the second case assigned for that afternoon. On the afternoon of that day, the first case assigned not being for trial, and this case being called, the defendant not being present, judgment was rendered against him on the note in suit." The abstract shows nothing as to the proceedings and trial in the case. What they were, we cannot presume, other or further than that they were in accord with the law. We must presume the judgment was regularly rendered upon pleadings and evidence, or admissions authorizing it. The fact that the defendant was not present at the trial, without more, is not a ground for setting aside the judgment and permitting another trial; and yet this fact is the only ground upon which the motion is based. The defendant shows that he was absent from court because of the sickness of his wife. But it is not shown that there was not a trial had upon the pleadings, evidence or admissions, without objections on account of the defendant's absence, which must be presumed, if it be necessary in that way to support the ruling of the court in overruling the motion.

II. The abstract does not show that the judgment was entered upon default, and that the motion is to set aside the default. The rules applicable in such a case do not control in this. As the abstract fails to show error in the order of the district court overruling the motion, the decision is AFFIRMED.