WILLIAM A. ACHESON v. INGLIS BROTHERS, DANIEL and JAMES INGLIS, Appellants.

**Judgment by Default:** VACATION : STATUTES. A judgment entered in the absence of defendant, on issues joined and evidence adduced, is not a judgment by default within the meaning of the statute; and the statute providing for the setting aside of defaults has no application in such cases.

**Same.** Where litigants are deprived of an opportunity to be heard on the issues, either by mistake, misunderstanding or casualty, the court has inherent authority to make such order as will afford opportunity for a hearing on the issues at the same term, although there is no express statute to that effect. Thus where defendants' attorneys after answer arranged with a resident attorney to inform them of the time the cause was assigned for trial, and thereafter the resident attorney was suddenly called out of the state and the cause was assigned and tried without the knowledge of defendants or their counsel until after entry of judgment; *Held,* that a motion filed during the term to set aside the default and judgment should have been granted.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

WEDNESDAY, APRIL 10, 1912.

In the fall of 1909, plaintiff delivered to defendants 2,312 bushels and 48 pounds of old corn, for which they

gave him a receipt, stating that storage at one-half cent per bushel after December 1, 1909, would be charged. They were to pay him the market price whenever he elected to sell. The petition so recited, and, in addition thereto, alleged that defendants disposed of the corn without plaintiff's consent; that on December 23, 1909, he requested defendants to sell the corn, the market value thereof then being fifty-five cents per bushel, but they declined to pay therefor, and later allowed a sight draft for the amount owing him to go to protest. He prayed judgment for the market value of the corn, less one-half cent per bushel for storage, together with interest and protest fees.

The answer, filed May 12, 1910, averred that the receipt was not given until February 3, 1910, admitted refusal to honor the sight draft, denied that plaintiff had ever requested them to purchase its corn, and alleged that they were ready to buy, and had tried in vain to do so; that they had shipped the corn, upon delivery with plaintiff's consent, but had other corn stored in its stead against that delivered until after the commencement of this action. They prayed to go hence with their costs. The cause was assigned for trial November 30, 1910, and reached December 5th, and, though defendants failed to appear, judgment was entered for the amount claimed in the petition. On the 9th of the same month, defendants moved that default and judgment be set aside, on the ground that defendants' attorneys, Morgan & Morgan, who resided at Cambridge, had employed J. C. Mulvaney, an attorney of Des Moines, to notify them when the cause was assigned for trial; that Mulvaney was called from the state on important business November 25, 1910, and did not return until the evening of December 6th following; that in the meantime, i. e., on November 26th, the cause was set down for trial on November 30th, but was not reached until December 5, 1910, when default and judgment was entered; that Morgan & Morgan relied entirely on being informed

by Mulvaney of the time fixed for trial, and the latter knew nothing of the assignment, and did not recall the matter during his absence. The affidavits fully support this statement and leave no doubt as to the good faith of the parties. The motion asserted the existence of a good defense; but no proof in support thereof was adduced. The motion was overruled, and defendants appeal.—*Reversed.*

*Morgan & Morgan* and *Edward M. McCall,* for appellants.

*Blake & Blake* and *I. W. Douglas,* for appellee.

LADD, J.—I. The issues had been joined by the filing of an answer. Although the cause was set down for trial without the knowledge of defendants or their attorneys,

1. JUDGMENT BY DEFAULT: vacation: statutes.

and when reached they did not appear, evidence was adduced and judgment entered. But such judgment was not by default, but on trial, in which the issues raised by the pleadings were passed on by the court. A default is the failure of a party to take a step required by law in the progress of a legal action. 6 Ency. of P. & P. 60. At the common law, 'a judgment by default was entered when defendant failed to enter an appearance; but, if he entered an appearance and failed to plead, the technical form of the judgment was by *nil dicit.* See *Buena Vista Freestone Co. v. Parrish,* 34 W. Va. 652 (12 S. E. 817); 6 Ency. P. & P. 59. But, where the issues have been joined, judgment entered in the absence of defendant is not by default. *Seiberling v. Schuster,* 83 Iowa, 747; *Strine v. Kaufman,* 12 Neb. 423 (11 N. W. 867); *Covart v. Haskins,* 39 Kan. 371 (18 Pac. 522).

In this state, default is specifically defined by section 3788 of the Code: "If a party fails to file or amend his pleading by the time prescribed by the rules of pleading,

or, in the absence of rules, by the time fixed by the court, or if, having pleaded, his petition or reply on motion or demurrer is held insufficient, or is stricken out, and he fails to amend, answer or reply further as required by the rules of or by the court, or if he withdraws his pleading without authority or permission to replead, judgment by default may be rendered against him on demand of the adverse party, made before such pleading is filed."

And it is such a default to which section 3790 of the Code refers in providing that "default may be set aside on such terms as to the court may seem just, among which must be that of pleading issuably and forthwith, but not unless an affidavit of merits is filed, and a reasonable excuse shown for having made such default nor unless application therefor is made at the term in which default was entered, or, if entered in vacation, then on the first day of the succeeding term." This plainly appears from section 3789, exacting an inspection of the record to ascertain that notice has been given, as required, as a condition precedent to the entry of default; and section 3792, permitting the party in default to cross-examine the witnesses against him. The circumstance that a party fails to participate in the trial of issues previously joined does not characterize the judgment rendered as one by default; and section 3790 has no application in such a case.

II. If, because of "accident or surprise which ordinary prudence could not have guarded against," the defendants or their attorneys were deprived of a fair trial, the remedy would have been by motion, filed

2. Same. within three days after decision. Section 3756 of the Code. But "trial," as referred to in that section is one in which the parties have participated. Not until after the term at which judgment is entered does section 4091 of the Code contemplate the filing of a petition for new trial on grounds enumerated therein.

No statutory relief seems available in a case like

this, unless applied for after the term; but we are of opinion that, inasmuch as the court continues in control of its own record until the close of the term, it has inherent authority to enter such orders as may be essential to afford litigants opportunity actually to be heard on the issues raised by the pleadings, notwithstanding temporarily deprived thereof by unavoidable mistake or misunderstanding, casualty or misfortune. See *Taylor v. Lusk,* 9 Iowa, 444; *Brace v. Grady,* 36 Iowa, 352; *State v. Daugherty,* 70 Iowa, 439; *Kirby v. Gates,* 71 Iowa, 100; *Chicago, I. & D. R. Co. v. Estes,* 71 Iowa, 603; *Flickinger v. Railway,* 98 Iowa, 258.

Nor will that strictness in proof exacted to warrant the setting aside a default, or in support of a petition for new trial, filed after the term, be required. That which is to be done to avoid default usually is known, and the excuse ordinarily relates to its omission, and a new trial on petition necessarily involves considerable delay; but, where a party who intends to participate in a trial fails to be present, this may be owing to not knowing when the cause is assigned for trial, or because his train is late, or he is otherwise unavoidably detained; and upon application, made at the same term, little delay need be occasioned nor much inconvenience suffered from an appropriate order setting aside the judgment rendered on *ex parte* hearing, and assigning the cause again for trial at which both parties may be represented.

In the case at bar, the attorneys of defendants resided in another county, and observed necessary caution in arranging with Mulvaney to advise them of the day when the cause should be assigned for trial. The latter was suddenly called out of the state, and in the discharge of other duties this engagement was overlooked. In his absence, the cause was set for trial, and tried without the defendants or their counsel having knowledge thereof until some days after judgment had been entered. The good

faith of the attorneys is not questioned, and we are of opinion the motion should have been sustained, on condition that the costs assessed at the former trial be first paid. Courts strongly favor hearings on the merits; and, so long as the record continues subject to such orders as may properly be entered, a liberal discretion should be exercised in affording parties opportunity to participate therein.

The order of the court, overruling the motion is *reversed*.