## PEOPLE *v.* MAYHEW.

1. INTOXICATING LIQUORS—SEARCH WARRANTS—DWELLING—AFFIDAVITS—SUFFICIENCY.

   In view of Act No. 53, Pub. Acts 1919, amending section 30 of the liquor law (Act No. 338, Pub. Acts 1917), providing that "no search warrant shall be issued to search a private dwelling occupied as such unless some part of it is used as a store or shop, hotel or boarding house, or for any other purpose than a private residence, or unless such private dwelling is a place of public resort," a search warrant issued under an affidavit which did not state nor the proofs show, the exceptional conditions specified in the statute, *held*, illegal and void.

2. SAME—EVIDENCE—ADMISSIBILITY—VOID SEARCH WARRANT.

   In a prosecution for a violation of the liquor law, evidence secured by virtue of a void search warrant *held*, inadmissible.

Error to Bay; Houghton (Samuel G.), J. Submitted April 15, 1921. (Docket No. 121.) Decided May 5, 1921.

Charles Mayhew was convicted of violating the liquor law, and sentenced to imprisonment for not less than 6 months nor more than 1 year in the State prison at Jackson. Reversed, and defendant discharged.

*McCormick & Sharpe,* for appellant.

*William A. Collins,* Prosecuting Attorney, for the people.

Steere, C. J. Defendant was convicted in the Bay county circuit court under an information charging that, on June 26, 1920, at the city of Bay City, in said county, he did then and there unlawfully have in his possession a quantity of intoxicating liquor "to wit 40 quarts of whisky  *  *  *  contrary to the form of the statute in such case made and provided," etc. The initiative of these proceedings was a search warrant issued by a justice of the peace upon an affidavit sworn to before him by a police officer praying for the issue of a precept to search defendant's residence, stating as ground therefor that "he has good reason to believe and does believe that certain intoxicating liquors are kept and concealed in the residence of Charles Mayhew of this city, located at No. 604 East Vermont street in said city and county." The search warrant commanded the officer, "together with the necessary and proper assistance, to enter into the residence of Charles Mayhew, No. 604 East Vermont street, in said city of Bay City, in the county aforesaid, and there diligently search for the said intoxicating liquors," and to forthwith bring all intoxicating liquors found in such search before the justice, "to be disposed of and dealt with according to law." An officer went to defendant's residence on the afternoon of June 26, 1920, accompanied by proper assistance and equipped with the search warrant. He informed defendant and wife

of his mission, authority and purpose to search their premises for intoxicating liquor, and told defendant that "if he had any liquor it would be better for him to show us where it was to save upsetting his house and having us all over the place." Defendant made no denial and led the way to his supplies in that line. Of the event one of the officers relates: "Mr. Mayhew showed us into the bed room and we took two cases full, a five-gallon jug and the water bottle." These were seized under and by virtue of the search warrant and turned over to the chief of police, as appears by the officer's return indorsed on said warrant. The officer who made seizure testified on cross-examination:

"The place I searched is a dwelling house; it is not attached to any store, hotel, boarding house or anything of that sort; it was used as a dwelling house at that time. I saw nothing to indicate that they were conducting any business or anything in the house except using it as a dwelling house."

Section 30 of Act No. 53, Pub. Acts 1919, amending section 30 of the prohibition act of 1917 (Act No. 338), provides:

"No warrant shall be issued to search a private dwelling, occupied as such, unless some part of it is used as a store or shop, hotel or boarding house, or for any other purpose than a private residence, nor unless such private dwelling is a place of public resort."

Upon the trial some, if not all, of the liquor so seized was produced and introduced in evidence, against defendant's objection. The cases were shown to have contained 20 bottles of liquor bearing labels stating they contained "Corby's Canadian Whisky," bottled in bond, certified by the provincial analyst of Ontario "to be a pure whisky of excellent flavor." This legend found support in the testimony of the official chemist of Bay City who had analyzed the contents of

one of the bottles and said: "The liquor is 33.6 alcohol and it is intoxicating, in volume."

Prior to the trial defendant's counsel presented a written motion to quash the information on the ground that the affidavit and search warrant were void, that search of defendant's private dwelling is forbidden by statute and the seizure illegal. These objections were renewed at commencement of the trial, objections were interposed to admission of all evidence secured by service of the claimed void search warrant and objections to adverse rulings upon the questions raised were properly reserved for review by motions, requests and exceptions.

The proceedings were doubly void. The affidavit and search warrant were directed to a search and seizure of and in defendant's residence. The affidavit did not state nor the proofs show the exceptional conditions specified in the statute which authorized the search of a private dwelling, or residence, occupied as such. It stated no facts or circumstances within the affiant's own knowledge, but only, in the language of section 25 of the prohibition act as originally passed and as amended, "that he has good reason to believe and does believe certain intoxicating liquors are kept and concealed" in defendant's residence, refraining from even expressing a belief as to the intent or purpose for which they were kept or concealed. Evidence secured by virtue of a void search warrant issued pursuant to an affidavit made under said section 25 was inadmissible. In those particulars this case falls squarely under and is controlled by *People* v. *DeLaMater*, 213 Mich. 167.

The conviction and judgment must therefore be set aside, and defendant discharged.

MOORE, WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.