. C. N. McMillan, Appellant, v. Victor Osterson, Appellee.

**JUDGMENT: Opening Default Presumptively Correct.** The action of the court in setting aside a default, even though the showing of excuse is not entirely satisfactory, is presumptively correct. In view of this presumption, and the recognized policy of the law to dispose of all causes on the merits, the appellate court will rarely overrule such an order.

*Appeal from Woodbury District Court.—W. G.* Sears, *Judge.*

June 25, 1921.

Action in equity to enjoin and restrain defendant from maintaining an alleged liquor nuisance. Decree was entered upon default, which, upon motion of defendant, was vacated and set aside by the trial court. From said ruling, plaintiff appeals. —*Affirmed.*

*John F. Joseph,* for appellant.

*Brouillette & Gorder,* for appellee.

De Graff, J.—Plaintiff came into court, like all plaintiffs, voluntarily, but under the provisions of Code Section 2405 *et seq.* Defendant, like all defendants, except those in friendly suits and moot cases, was caused to come in by virtue of a summons, duly issued and served.

This is a liquor case, and injunctive relief is the purpose of the action. Defendant, having been noticed in due and legal

form to appear on or before noon of the second day of the September, 1920, term of the district court, beginning, etc., attempted to respect the recitals of said summons, and, in order to enter his appearance in due form, engaged and employed a reputable, but apparently quite busy, firm of lawyers in the city of his residence to protect his rights in the premises, the same being his home, or *locus domicilii*, which had been broken and entered by divers persons, whose authority so to do is not disclosed, but, as alleged by defendant, without warrant of law, to wit, without search warrant or other legal process, and by said illegal entry had taken and carried away a small quantity of liquor, not sufficient in quantity, as contended by defendant, to make a case or to raise a presumption against him.

The lawyers so employed, as aforesaid, by reason of stress of local business and other legal engagements foreign to the forum of their home city, by oversight or inadvertence failed to enter an appearance for their client, in conformity to statute and the rules of practice of the district court, and this resulted in the entry of a default, and judgment and decree thereon. Upon discovery thereof, defendant forthwith, and within term time, filed his motion to set aside the default and decree, accompanied by an answer and by an affidavit of merits, together with an "unsigned affidavit" by his attorneys, which, under the circumstances, this court will accept as a professional statement by counsel.

The trial court sustained defendant's motion, set aside the default and decree, and awarded a trial on the merits. This ruling is provocative of this appeal, and the cause of the *furor scribendi* of counsel in their briefs and arguments.

We are impressed that, had the same zeal and earnestness been shown by plaintiff in prosecuting the trial of this action below after default had been set aside, as in his attempt to have construed and enforced a variant rule in this court on appeal, there would have been an "end-all and be-all" of this cause long ago.

" 'But what good came of it at last?'
Quoth little Peterkin.
'Why, that I cannot tell,' said he,
'But 'twas a famous victory.' "

The law favors trials, and right must not be denied by too strict an application of mere legal formality. The sword of justice is not often made more keen by the whetstone of technicality, and a right secured by too rigid means may harden into a wrong. A default may be the product of a hurried planting in a soil intended to produce other growth. Why should a litigant complain of a rule wisely and fairly interpreted, that works no injustice to anyone? Not only must justice appear to be done, but it is the function and duty of this court and of all courts to see that it is done. Technicality should not become a Pegasus, which, if ridden by an expert legal jockey, may carry us far from the true goal. Undoubtedly, it is desired by the court, and it is also to the interest of litigants, to have a lawsuit brought to an end; but, if done too suddenly, perchance justice may not be attained.

This appeal involves simply the application of a rule. It must be conceded that justice cannot be administered without rules. Law itself is a rule of civil conduct, and we would be a government of men, not of laws, were there no rules. It is the very right of the matter, however, that the law seeks. The rule is the means to the end,—the master's direction traced on the legal trestle board, whereby justice may be obtained.

We recognize a stronger presumption in favor of the correctness of the ruling of the trial court in respect to setting aside a default than in overruling a motion of this character. This presumption, plus the policy of the law to dispose of cases on their merits, is a sufficient warrant to sustain the finding of the lower court. *Willett v. Millman,* 61 Iowa 123; *Westphal v. Clark,* 46 Iowa 262; *Capital Sav. Bank & Tr. Co. v. Swan,* 100 Iowa 718.

Our statute provides that default may be set aside, in the discretion of the court, upon pleading issuably and forthwith, when accompanied by an affidavit of merits at the same term of court, and a reasonable excuse shown for having made such default. Code Section 3790. Defendant made such a showing, unless it may be said that the excuse offered in explanation of the default is not sufficient. It is not wholly satisfactory, but, as was said in the *Bank & Trust Co.* case, supra:

"It is the policy of the law to dispose of cases upon their

merits, and a large discretion is vested in the district courts in the matter of granting new trials.''

We would not put a premium on the negligence of attorneys; but the imputation of oversight and forgetfulness is within the exception, not the rule; nor do we intend to open any legal door that enters into an unseen room of confusion and uncertainty. The certainty and uniformity of the law are its chief glories; and diligence, faithfulness, and learning constitute the trinity of powers that graces the lawyer and standardizes the profession. However, not every act of inadvertence on the part of an attorney is inexcusable negligence.

Under the circumstances disclosed by the answer and affidavits filed, the defendant has a reputation which he appears to prize highly; and he asks that, before a blemish shall come to his name and vocation, legal and orderly procedure shall be observed.

A man's home is still his castle, and, although not surrounded by high-raised battlement and labored mound, thick wall, and moated gate, he is as secure therein as baron of old in feudal castle. The constitutional guaranties and statutory inhibitions are substitutes for the physical environments and security of former days, and these guaranties and limitations must be respected by all, including the law enforcer who may be the diligent seeker after that which giveth its color in the cup.

''The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable seizures and searches, shall not be violated; and no warrant shall issue but on probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the persons and things to be seized.'' Constitution of Iowa, Article 1, Section 8.

This is a very old doctrine, and is contained in Petition and Bills of Rights that were born of long struggle between the divine right of kings and the divine right of the people. See *People v. Mayhew,* (Mich.) 182 N. W. 676.

Our Code provisions, furthermore, prescribe with particularity the conditions precedent to the issuance of a search warrant. Code Section 2413. *Inter alia,* it is provided:

''If the place to be searched be a dwelling house in which any family resides, and in which no tavern, eating house, grocery

or other place of public resort is kept, such warrant shall not be issued unless said complainant shall, on oath or affirmation, declare before said justice that he has reason to believe and does believe that within one month next before the making of said information intoxicating liquor has been, in violation of this chapter, sold in said house, or in some dependency thereof, by the person accused in said information, or by his consent or permission; nor unless, from the facts and circumstances disclosed by such complaint, the said justice shall be of the opinion that said complainant has adequate reason for such belief.''

These guaranties were not respected in the instant case, and consequently appellant is in no position to now claim that his rights are prejudiced by the ruling of the trial court giving to appellee his right to a trial on the merits of the case. Wherefore, the ruling of the district court is—*Affirmed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.