PEOPLE *v.* HALVEKSZ.

INTOXICATING LIQUORS—CONSTITUTIONAL LAW—SEARCH WARRANT—
UNLAWFUL SEARCH AND SEIZURE.

> A search and seizure of liquor in defendant's private dwell-
> ing by police officers without a search warrant was in
> violation of defendant's constitutional rights, under article
> 2, § 10, of the State Constitution, and the liquor so obtained
> was not admissible in evidence in a criminal prosecution
> for violation of the liquor law.

Error to recorder's court of Detroit; Heston (Wil-
liam M.), J.    Submitted June 16, 1921.    (Docket
No. 121.)    Decided July 19, 1921.

Steve Halveksz was convicted of violating the liquor
law, and sentenced to pay a fine of $500 or to be im-
prisoned for 6 months in the Detroit house of correc-
tion.    Reversed, and defendant discharged.

*Kenneth M. Stevens,* for appellant.

WIEST, J.    Defendant was convicted, in the re-
corder's court for the city of Detroit, under an in-
formation charging him with unlawfully having in
his possession a quantity of raisin whisky.    At the
time of his arrest he operated a restaurant with living
rooms for his family at the rear.    Two police officers,
without a warrant for his arrest and without a search
warrant, entered the restaurant and went into the
living rooms at the rear without asking permission
and made search for liquor and found three pints of
raisin whisky above a door and four gallons in glass
jugs under the floor of the toilet.    One of the officers
testified:

"We then arrested the defendant because we found the liquor there. We would not have arrested him if we had not found the liquor there. I didn't have any search warrant."

Defendant pleaded not guilty, and before the trial presented a motion asking the court to order a return of the liquor on the ground that the search for and seizure thereof was unlawful and contrary to the provisions of the Constitution of the State, and that the prosecuting attorney intended to introduce such liquor in evidence against him at the trial. This motion was denied and at the trial before a jury the liquor was introduced in evidence over defendant's objection.

At the close of the people's case counsel for defendant moved the court:

"To direct a verdict in favor of the defendant on the grounds that the house was entered without a search warrant and that the evidence obtained has been submitted in the trial over the objection of the defense, and that it is held in the *Marxhausen Case,* of which the court is undoubtedly familiar, that where it is made to appear————"

Thereupon the trial judge stated:

"I know all about the *Marxhausen Case.* The court will charge this jury that if the liquor was found in the manner that has been testified to, that the seizure was lawful."

The trial judge charged the jury:

"Now, gentlemen of the jury, there has been quite a lot said in this case about search warrants and illegal seizures, and so forth, I charge you, gentlemen of the jury, that if you find the liquor was seized in the manner and from the place, as has been testified to here by the State, that it is a lawful seizure, and that this exhibit here that has been received in evidence is— the officers are in lawful possession of it, and it is here as Exhibit 1 in this case.

"Now, understand me, if you find that this liquor

was seized in the manner and from the place as testified to here by the people's witnesses, I charge you, gentlemen of the jury, under the law, that it is a lawful seizure."

Defendant was found guilty as charged and sentenced and brings the case to this court for review. By what authority did the police officers enter the premises and make the search and seizure? The record discloses none. No power exists at common law to make a search and seizure without a warrant. *State* v. *Welch*, 79 Me. 99 (8 Atl. 348) ; *In re Swan*, 150 U. S. 637 (14 Sup. Ct. 225). The Constitution, article 2, § 10, of the State prohibits such a search and seizure.

"The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation."

Under a government of laws the security afforded persons, houses and possessions against search without a warrant, lawfully obtained, must not be violated by officers of the law. The law must point the way to legitimate search and seizure and will tolerate none other. Officers of the law must act within the law and if they invade the security guaranteed individuals by the Constitution, such invasion cannot bring to the aid of justice the fruit of their violation. It is the duty of courts, when attention is seasonably called to a violation of a constitutional right, in obtaining evidence in criminal prosecutions, to vindicate the protection afforded individuals by the Constitution, and suppress such evidence. The trial court was in error in not suppressing the evidence and in receiving the same at the trial and in the instruction given the jury. *People* v. *Marxhausen*, 204 Mich. 559; *Gouled*

v. *United States,* U. S. Adv. Ops. 1920-21, 311 (41 Sup. Ct. 261) ; *Amos* v. *United States,* U. S. Adv. Ops. 1920-21, 316 (41 Sup. Ct. 266).

No brief has been filed in behalf of the people, and, as this record discloses no other evidence against defendant than the liquor mentioned, the judgment of conviction is set aside and the defendant is discharged.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.