## UNITED STATES v. SCHRECK.

(Fourth Division. Fairbanks. October 17–24, 1921.)

No. 828, Criminal.

**1. Searches and seizures ☞3—Intoxicating Liquors.**

An affidavit for search warrant was made upon information and belief only, and did not state when, where, from whom, or under what circumstances the information was had. Defendant petitioned for the return of the property seized and its suppression as evidence against him. *Held*, that a search warrant cannot be issued but upon probable cause, and the affidavit must state facts constituting probable cause.

**2. Criminal law ☞1024(1)—Pleas in Bar—Writ of Error.**

The defendant was proceeded against by information for a violation of the Volstead Act. On the trial defendant moved to suppress certain evidence against him obtained by the United States officials by search warrant issued on information and belief. The search warrants being held illegal and void and the evidence obtained thereby being suppressed, the United States attorney moved that the defendant be discharged on his own recognizance, and that the United States be permitted to sue out a writ of error from the decision of the court overruling plaintiff's demurrer to the petition for the return of the property and the suppression of the evidence, under the act of Congress approved March 2, 1907 (34 Stat. 1246 [U. S. Comp. St. § 1704]), and the rulings and decisions of the courts thereon. *Held*, the petition of the defendant is not in the nature of a special plea in bar, and the application is denied.

**3. Criminal Law ☞286—Pleading—Pleas in Bar.**

Special pleas in bar are (1) former conviction, (2) former acquittal, and (3) pardon.

**4. Criminal Law ☞1024(1)—Appeal and error—Judgment—Writ of Error.**

From a judgment sustaining a special plea in bar the United States can sue out a writ of error, but an order of the court directing that the property found to have been illegally seized under a void search warrant be returned to the defendant is merely an interlocutory order and is not appealable.

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

An information having been filed in the district court on the 20th day of September, 1921, charging the defendant herein unlawfully and knowingly having and possessing property designed for the manufacture of spirituous intoxicating liquor intended for use in violation of title 2 of the National Prohibition Act of October 28, 1919, commonly known as the Volstead Act, the defendant appears by petition for the release of certain property described in the information, claiming that said property was illegally seized and taken from him in violation of his constitutional rights under the provisions of the Fourth and Fifth Amendments to the Constitution of the United States.

The property claimed to have been illegally seized is described as:

"Mash vat and mash, cast-iron stove, stovepipe, tent, axe, saw, mash boiler, 25 pounds raisins, 25 pounds of malt, empty sugar sacks, empty gasoline can pails, washtubs, thermometer, hydrometer, saccharometer, Baume scale for syrup, spigots, box washers, tin tube for testing, Savage rifle, and Winchester rifle."

The record discloses that a search warrant was issued by the United States commissioner for the Fairbanks precinct upon the following affidavit, formal parts omitted:

"No. 1090.     Affidavit for Search Warrant.

"United States of America, Territory of Alaska—ss.:

"H. E. Seneff, being first duly, sworn says: I am special officer for the suppression of liquor traffic in the Fourth judicial division, territory of Alaska, and as such I make this affidavit.

"I am informed and believe, and therefore allege, that one Herman Schreck, the defendant above named, has concealed in a building or tent or construction of some other sort, situate on that certain piece of land covered by a timber permit procured by him on the 1st day of September, 1921, from the United States land office located at Fairbanks, and described as follows, to wit: Beginning at a point about eight miles above the Tonseth homestead, and extending upstream to the Moody cabin six miles on both sides of the Big Chena river, and extending about 6 miles up and down said stream and being about 24 to 30 miles upstream from the town of Fairbanks—and also that the said H. Schreck has concealed in a launch or poling boat or raft, on the said Big Chena river or on the Chena slough, certain spirituous intoxicating liquors. and also a still or stills for distilling intoxicating liquors, as well as mash, barrels, and all equipment necessary for the manufacture of spirituous intoxicating liquors, with the intent to use the same as a means of committing a crime, to wit, manufacturing, having in pos-

session, and selling spirituous intoxicating liquors, and is so concealed for the purpose of preventing its being discovered. That the facts upon which affiant bases the belief above stated are that the said H. Schreck made inquiries as to the price of sugar per ton, and, as affiant is informed and believes, did purchase sugar in large quantities, and that the said H. Schreck is not engaged in any business that would require sugar in large quantity, and that the use of sugar in large quantity by H. Schreck could only be for the purpose of making intoxicating liquor.

"Wherefore affiant makes application for the issuance of a search warrant for the said premises, directed to the United States marshal for the Fourth judicial division, territory of Alaska, or any of his deputies, commanding him to search the said premises above described for stills and intoxicating and spirituous liquors.

"Dated at Fairbanks, Alaska, this 9th day of September, 1921."
H. E. Seneff."

It also appears that no evidence except the foregoing affidavit was submitted to the United States commissioner, who issued a search warrant as follows, omitting the formal parts:

"No. 1090.          Search Warrant.

"Information on oath having been this day laid before me that the above-named defendant, Herman Schreck, has illegally and unlawfully in his possession intoxicating liquor, the same being located at a point beginning about 8 miles above the Tonseth homestead and extending up stream to the Moody cabin 6 miles on both sides of the Big Chena river, and extending about 6 miles up and down said stream, and being about 24 to 30 miles upstream from the town of Fairbanks, and also that the said H. Schreck has concealed in a launch or poling boat or raft, on the said Big Chena river and on the Chena slough, certain spirituous intoxicating liquors and also a still or stills for distilling intoxicating liquors, as well as mash, barrels, and all equipment necessary for the manufacture of spirituous intoxicating liquors, with the intent to use the same as the means of committing a crime, to wit, manufacture, having in possession, and selling spirituous intoxicating liquors, and is so concealed for the purpose of preventing its being discovered, in the Fairbanks precinct, Fourth division, territory of Alaska:

"Now, therefore, you L. T. Erwin, United States marshal for the division and territory aforesaid, or any deputy United States marshal, are hereby commanded to forthwith make search of said property for said intoxicating liquor and bring the same into court with this writ, if the same be found. Herein fail you not and have you then and there this writ.

"Dated at Fairbanks, Alaska, this 9th day of September, 1921."

On the 10th day of September, 1921, the petitioner was arrested, brought to Fairbanks and lodged in jail. On the same day a search was made of a tent, cabin, and premises

of the petitioner, and in his return on search warrant the officer stated that in said tent, cabin, and premises he found nothing incriminating. On the same day and at a point about three-quarters of a mile from petitioner's tent above mentioned, but upon the timber permit described in Seneff's affidavit, and also on the 14th day of September, under and by virtue of said search warrant and upon said timber permit, the officer made search and found and took into his possession the personal property which the petitioner seeks to have returned to him.

Guy B. Erwin, U. S. Atty., of Fairbanks.

Harry J. Atwell, of Fairbanks, for defendant.

BUNNELL, District Judge. Our statute provides in section 2488 of the Compiled Laws of Alaska:

"That a search warrant cannot be issued but upon probable cause, shown by affidavit, naming or describing the person, and describing the property and the place to be searched."

And section 2489 of the Compiled Laws of Alaska provides:

"That the magistrate must, before issuing the warrant, examine on oath the complainant and any witnesses he may produce and take their depositions in writing, and cause them to be subscribed by the parties making them."

The Fourth and Fifth Amendments to the Constitution of the United States have been the subject of many judicial decisions of recent date, and a reference thereto for the law to be applied by the court in the present instance is all that seems necessary. Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Silverthorne Lbr. Co. v. United States, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319; Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647; Veeder v. United States, 252 Fed. 414, 164 C. C. A. 338; United States v. Maresca (D. C.) 266 Fed. 725; United States v. Rykowski (D. C.) 267 Fed. 866; United States v. Kelih (D. C.) 272 Fed. 484; State v. Peterson, 27 Wyo. 185, 194 Pac. 342, 13 A. L. R. 1284; State v. District Court, 59 Mont. 600, 198 Pac. 362; People v. Mayhew, 214 Mich. 153, 182 N. W. 676; People v. Halveksz, 215 Mich. 136, 183 N. W. 752.

The affidavit of Special Officer Seneff to procure the search

warrant in question was entirely upon information and belief, with the exception that he states as a fact that the said Herman Schreck made inquiries as to the price of sugar per ton.   He does not state when, where, from whom, or under what circumstances this inquiry was made.   It may have been years ago, outside the territory of Alaska, and from one not having sugar for sale, or it may have been recently, in this precinct, and from some one specializing in preparing outfits for violators of the law.   Bearing in mind that a search warrant cannot be issued but upon probable cause, shown by affidavit, then the showing of probable cause is limited to the fact that the petitioner herein once upon a time made inquiry as to the price of sugar per ton.

In 24 R. C. L. p. 707, it is stated:

"As a general rule, constitutional and statutory provisions relating to search warrants prohibit their issuance except on a showing of probable cause supported by oath or affirmation.   The magistrate cannot arbitrarily issue the warrant.   He must require a prima facie case to be made by some responsible person before he has any power to authorize the invasion of private property.   The question of probable cause does not depend on whether the offense had been committed in fact, or whether the accused is guilty or innocent, but on the affiant's belief based on reasonable grounds."

In resisting the petition the government has undertaken to show that the petitioner impliedly consented to a search of his property because he did not make objection.   The officer at the time of making the arrest advised the petitioner that he had a search warrant and the nature of the charge against him.   The petitioner, it seems, took a few steps towards the officer, and, when within about 12 feet of the officer, the officer, fearing resistance, covered him with a double-barrel shotgun.   The petitioner was taken to Fairbanks and lodged in jail.   The evidence failed to show any consent on the part of the petitioner to the search of his premises.

The search warrant is shown to have been issued without probable cause, and is therefore illegal and void.   The property seized thereunder by the United States marshal will be returned to the petitioner, and evidence concerning the same gained by reason of the illegal search, if offered at the trial of the defendant upon the information upon which he is now held, will be suppressed.

## Application for Writ of Error.

Certain personal property was taken from the possession of the defendant by Deputy Marshal Buckley. The defendant came into this court by petition for the return of the said personal property. The United States filed an answer to defendant's petition, and, issue having been joined, the court proceeded to a hearing on the petition. The evidence submitted disclosed that the officer secured the personal property in question by virtue of an illegal search warrant, and the court ordered the personal property returned to the defendant. Thereupon the United States filed the following motion:

"Motion to Discharge Defendant and for Leave to Perfect Writ of Error on Proceedings for Return of Property.

"Comes now the United States, plaintiff, and moves the court for an order discharging the defendant on his own recognizance and permitting plaintiff to sue out a writ of error from the decision of the court overruling plaintiff's demurrer to the petition for the return of property and ordering the return of such property under proceedings in that behalf, as provided by act of Congress approved March 2, 1907 (34 Stat. 1246), and the rulings and decisions of the Supreme Court of the United States in such behalf, This motion is made and based upon the records herein and of the proceedings upon petition for return of said property, and for the reason that the United States attorney has telegraphed the Attorney General of the United States for advice and instructions relative to perfecting such writ of error, and intends to and will perfect such writ of error upon such advice; that the property referred to in the order of this court for the return of the property in evidence and a part of the record herein and the suppression of testimony relative to the same is the only evidence upon which a trial can be had herein, and the return of the same and the suppression of evidence concerning the same is a bar to the prosecution of the defendant under the information herein.

"United States Attorney,
"By L. R. Gillette, Assistant U. S. Atty."

Act March 2, 1907, chapter 2564, 34 Stat. L. 1246 (U. S. Comp. St. § 1704), provides for writs of error on the part of the United States in certain instances in criminal cases, and is as follows:

"That a writ of error may be taken by and on behalf of the United States from the District or Circuit Courts direct to the Supreme Court of the United States in all criminal cases, in the following instances, to wit:

6 A.R.—27

"From a decision or judgment quashing, setting aside, or sustaining a demurrer to, any indictment, or any count thereof, where such decision or judgment is based upon the invalidity of construction of the statute upon which the indictment is founded.

"From a decision arresting a judgment of conviction for insufficiency of the indictment, where such decision is based upon the invalidity or construction of the statute upon which the indictment is founded.

"From the decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy.

. "The writ of error in all such cases shall be taken within thirty days after the decision or judgment has been rendered and shall be diligently prosecuted and shall have precedence over all other cases. Pending the prosecution and determination of the writ of error in the foregoing instances, the defendant shall be admitted to bail on his own recognizance: Provided, that no writ of error shall be taken by or allowed the United States in any case where there has been a verdict in favor of the defendant."

The petition of the defendant, however, is not in the nature of a special plea in bar. The defendant was seeking to have certain property returned to his possession, and asked the court to suppress at the trial of the case any and all information gained by reason of the illegal search warrant. Special pleas in bar are (1) former conviction, (2) former acquittal, and (3) pardon. From a judgment sustaining a special plea in bar the United States could sue out a writ of error, but the order of the court directing that the property found to have been illegally seized be returned to the defendant is merely an interlocutory order and is not appealable. United States v. Marquette et al. (C. C. A.) 270 Fed. 214.

⬅️See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes