CEDAR RAPIDS FINANCE & THRIFT COMPANY, Appellant, v. MAX E. BOWEN, Appellee.

No. 40301.

DECEMBER 9, 1930.

REHEARING DENIED MARCH 12, 1931.

1208

*E. A. Johnson* and *Paul V. Wilson,* for appellant.

*James E. Franken* and *E. A. Baldwin,* for appellee..

*Harry S. Johnson,* Guardian ad Litem for appellee.

KINDIG, J.—About October 5, 1929, the plaintiff-appellant caused to be served upon the defendant-appellee an original notice, summoning the latter to appear in the Linn County district court, which commenced November 4th of that year. The purpose of such appearance was to answer the appellant's petition in equity, wherein it sought to recover: First, judgment against the appellee in the sum of $366.90, together with interest and costs; and second, the foreclosure of a conditional sale contract covering certain personal property. This conditional sale contract, it seems, was entered into at Iowa City, April 17, 1929, between the appellee, a minor, and the General Appliance Company. Later, and long before this suit was commenced, the General Appliance Company assigned the foregoing conditional sale contract to the appellant herein. After the notice was served, but before the return day, appellant, through a representative, received from appellee all but one piece of the personal property covered by the sale contract. Appellee, thinking that the appellant had abandoned the litigation when it received from him the personal property involved, did not personally appear in said cause or answer the petition. Consequently, a guardian ad litem was appointed for the appellee, who filed for his ward an answer containing a general denial. Thereupon, judgment was entered in favor of the appellant and against the appellee in the sum of $318.90, together with interest and costs. In addition thereto, the judgment and decree contained a provision creating a lien upon certain property in appellee's possession, to secure the payment of the foregoing judgment, and authorizing the sale of such property under foreclosure.

Then execution issued on the judgment, and certain property belonging to the appellee was levied upon, and his bank account garnished. So, during the same term, the judgment was entered, and on December 5, 1929, the appellee filed in the Linn County district court his application to set aside the judgment, together with an answer to appellant's petition. That applica-

tion was designated "motion and application to vacate judgment and for a new trial." Appellant was given notice of the application, and appeared and made defense. Evidence was taken, and the cause fully submitted to the court, which set aside the judgment, and permitted the appellee to have a trial on the merits. Because of this, the appellant asked a reversal.

A controversy arises concerning the exact basis for appellee's relief. On the one hand, appellant insists that the application was filed under Section 12787 of the 1927 Code, which, so far as material, reads:

"Where a final judgment or order has been rendered or made, the district court, in addition to causes for a new trial hereinbefore authorized, may, after the term at which the same was rendered or made, vacate or modify the same or grant a new trial: * * *

"2. For fraud practiced in obtaining the same. * * *"

Although the foregoing section might grant appellee relief under proper facts and circumstances, the appellant claims that the necessary prerequisites were neither pleaded in the application aforesaid nor proven at the hearing thereon. By way of answer to the foregoing argument of appellant, the appellee maintains that he did not proceed under the quoted section of the statute, but rather, under Section 11589 of the 1927 Code, which provides:

"Default may be set aside on such terms as to the court may seem just; among which must be that of pleading issuably and forthwith, but not unless an affidavit of merits is filed, and a reasonable excuse shown for having made such default, nor unless application therefor is made at the term in which default was entered, or if entered in vacation, then on the first day of the succeeding term."

Replying to that contention, the appellant urges that the appellee did not bring himself under the provisions of the last-named legislation, because: First, he did not prove sufficient facts; and second, there was in fact no default. No default existed, appellant says, because a guardian ad litem appeared for the appellee. At this point, the appellant relies upon the following cases: *In re Estate of Kempthorne,* 188 Iowa 70; *Buchan*

*v. German American Land Co.*, 180 Iowa 911; *Clark v. Robinson,* 206 Iowa 712.

If it be assumed, without being decided, that, because of the answer filed by the guardian ad litem, there was no default in this case, as contemplated by Section 11589, supra, and conceded, without being determined, that, due to the fact that the application was filed during, and not after, the term, appellee cannot avail himself of Section 12787, supra, yet that does not mean that the judgment cannot be set aside and a trial upon the merits granted. *Acheson v. Inglis Bros.*, 155 Iowa 239. An excerpt from the *Acheson* case will illustrate the thought. On pages 242 and 243 we said:

"If, because of 'accident or surprise which ordinary prudence could not have guarded against,' the defendants or their attorneys were deprived of a fair trial, the remedy would have been by motion, filed within three days after decision. * * * But 'trial,' as referred to in that section, is one in which the parties have participated. Not until after the term at which judgment is entered does Section 4091 of the Code [of 1897,—now Section 12787 of the 1927 Code] contemplate the filing of a petition for new trial on grounds enumerated therein. No statutory relief seems available in a case like this [there was no default] unless applied for after the term; but we are of opinion that, inasmuch as the court continues in control of its own record until the close of the term, it has inherent authority to enter such orders as may be essential to afford litigants opportunity actually to be heard on the issues raised by the pleadings, notwithstanding temporarily deprived thereof by unavoidable mistake or misunderstanding, casualty, or misfortune."

Hence it is apparent that, independent of the foregoing quoted statutes, appellee may have relief under proper facts and circumstances. It is necessary, then, to determine whether such facts and circumstances appear here. As a basis for the remedy claimed, appellee pleaded that the judgment was obtained through fraud. Such fraud, it appears by the evidence, was extrinsic and collateral. Therefore the same was not determined in the judgment. While it is true that the allegations in reference to fraud are not as specific as they should be, yet the appellant, so far as shown by the record, did not attack the

same by motion or demurrer. Without such attack, we cannot say that the pleading is inadequate.

After the original notice aforesaid was served upon the appellee, a representative of the appellant company called upon the former at his store in Iowa City. There a controversy and discussion took place between the appellee and such representative. Appellee's version of what was said at the time is, according to his testimony, as follows:

"* * * Mr. Lefebure [the aforesaid representative] and I [appellee] spoke about the matter,—I was a minor, and the contract was not legal,—and that was the reason the equipment was being returned. * * * As I said, we discussed, or just talked, ourselves, back and forth, as to the contract being illegal; and why would he come and get the equipment for any other reason I didn't know, only to get the equipment back and drop the suit."

Apparently appellant's representative aforesaid took possession of all the merchandise except one piece, and returned it to the appellant. Acknowledgment was made of this return by the appellant. Manifestly, therefore, appellee believed that the suit was being dropped, because of the conversation with appellant's representative. The basis for such misunderstanding is apparent; for appellee was contending that his minority made the contract void, and therefore no liability existed thereunder. Following some debate upon the subject, the appellant, through its representative, apparently acquiesced in appellee's claim, and took the merchandise. Obviously, in view of the fact that there was a conditional sale contract, the appellee would believe that the goods were taken by appellant in lieu of the purchase price. When appellee paid for the property, it became his, but not until then, according to the conditional sale agreement. That fact, together with appellant's acquiescence in appellee's claim of non-liability because of minority, naturally might lead the latter to believe that the former had abandoned the suit. An inconsistency appeared, appellee believed, between the appellant's action in taking the goods, under the facts and circumstances, and its further prosecution of the suit. At least enough appears, under the circumstances, to support the district court's finding that appellant's action in taking judgment against

appellee, after apparently dropping the suit, was fraudulent. Said fraud was sufficient to cause a "misunderstanding" on appellee's part. See *Acheson v. Inglis Bros.* (155 Iowa 239), supra. Under the circumstances, it cannot be said that the appellee was guilty of negligence in not personally appearing and defending at the trial. Through his acts and conduct, the appellant's representative lulled the appellee to sleep, and led him to believe that the litigation was ended. Clearly, he did so believe, because, in accepting the property from appellee, it seemed to the latter that everything contended for in the foregoing discussion had been conceded. Thus the appellee was kept away from court through the acts and representations of the appellant. *Holmes v. Holmes*, 189 Iowa 256.

So, through appellant's misleading conduct, appellee was led into an "unavoidable mistake or misunderstanding," within the purview of *Acheson v. Inglis Bros.* (155 Iowa 239), supra. The proof necessary to meet the occasion in a proceeding of this kind is less stringent than that required to "warrant the setting aside [of] a default, or in support of a petition for new trial, filed after the term * * *." *Acheson v. Inglis Bros.* (155 Iowa 239), supra (local citation 243). Surely, then, the foregoing record is sufficient to meet the proof required in instances of this kind. Prejudice arose because, according to the record, appellee did not have an opportunity to interpose his defense of minority and the redelivery of the goods. Accompanying the application to set aside the judgment, as before said, was an answer. Therein the appellee set forth a complete defense, in that he alleged his minority and the return of the goods. A trial upon the merits is desirable. It is "the policy of the law to dispose of cases on their merits." *McMillan v. Osterson*, 191 Iowa 983.

Therefore, under all the facts and circumstances here disclosed, we are not disposed to interfere with the action of the district court, and the judgment thereof is hereby affirmed.— *Affirmed.*

MORLING, C. J., and EVANS, FAVILLE, and GRIMM, JJ., concur.