IN RE ESTATE OF SUE TIERNAN.

JOHN H. BOLAN, Appellee, v. FRANK TIERNAN, Executor, Appellant.

No. 45924.

August 11, 1942.

H. L. Irwin, of DeWitt, and Doran, Doran & Doran, of Boone, for appellant.

Howard & Bolte, of Jefferson, for appellee.

OLIVER, J.—This is an appeal by the executor of the estate of Sue Tiernan, deceased, from an order of the district court of Greene county, denying his petition to set aside a prior order allowing a claim in probate. The claim was based upon an alleged $900 promissory note, made by decedent to claimant in 1932. On December 30, 1940, notice was served upon the executor of said estate that said claim had been filed and would be heard on January 13, 1941. The executor was a nonresident of Greene county. His attorney was H. L. Irwin of DeWitt, Iowa. However, the appearance of Mr. Irwin was not shown to have been entered in the probate proceedings.

Howard & Bolte, of Jefferson, were attorneys for claimant. On January 6, 1941, Attorney Doran, of Boone, called upon Mr. Howard and told him Mr. Irwin had asked Mr. Doran to appear with Mr. Irwin as an attorney for the executor. There was some discussion of the claim and a counterclaim by the estate. Mr. Doran testified he told Mr. Howard a counterclaim would be filed. According to Mr. Howard, Mr. Doran said they probably would resist the claim and might file a counterclaim, if, after investigation, such counterclaim appeared meritorious.

Mr. Doran requested a continuance of the case over the January term to the March term of court, because Mr. Irwin was expecting to make a trip to Florida. Mr. Howard said he would talk with his client in Scranton and advise Mr. Doran.

On January 7th, Mr. Doran received a letter from Mr. Howard to the effect that Mr. Howard had talked with his clients; that the note was for money loaned to decedent and

there was ample proof that the suggested counterclaim was not meritorious. The letter concluded:

"I discussed the question with them of allowing the case to go over to the March Term of Court and that is agreeable with them, but we would want the issues made up right away so we can get prepared for trial at the next term."

On February 28, 1941, Howard & Bolte noticed the claim for trial for the March term. This was shown in the bar docket printed for said term. At the regular assignment on the first day of said term, the case was assigned for trial on March 17th. On March 27th, claimant appeared with his witnesses and attorneys and made proof of his claim to the court, and on said date the court signed an order allowing the same. This came to the attention of the executor's attorneys about May 10th. On May 14, 1941, they filed a verified petition to set aside the order allowing the claim, and a verified answer and counterclaim which pleaded a general denial, denied decedent signed the note, alleged want of consideration and that its execution was procured through false representations, and counterclaimed for $14,400 for money loaned and services performed by decedent for claimant since 1908. Later they filed an amendment to said petition with an affidavit of merit made by one of the attorneys. The March 1941 term of court opened March 10th, and was recessed on April 10th, although it did not officially end until May 19th.

One excuse pleaded for the failure to appear and make defense was that Mr. Doran relied upon an agreement with Mr. Howard that the matter would go over until the March term, or until Mr. Irwin returned from Florida, and that Mr. Doran did not learn of Mr. Irwin's return until April 26th.

The record does not support the allegation that the matter was to go over "or until Mr. Irwin returned." With reference to the conversation of January 6th, Mr. Doran testified:

" * * * I assured him [Mr. Howard] that * * * we would be ready to dispose of it just as soon as you [Mr. Irwin] returned for the March term."

Mr. Howard testified:

"I told him * * * if there was going to be any defense to the claim that I wanted to know it at once and wanted the issues made up so that it could be tried at the March term of court, * * * I told him if they decided * * * to file anything I wanted that taken care of right away during the January term * * *."

However, that conversation was merely preliminary to Mr. Howard's letter of January 7th, written in accordance with the understanding that he would advise Mr. Doran if the client would consent to a continuance. The letter clearly stated the case could go over to the March term but they would require that the issues be made up "right away" so they could prepare for trial at that term.

The case was already at issue upon the claim and the denial supplied by Code section 11961, but the suggested counterclaim and other special defenses would have required specific pleadings. Counsel for appellant filed no pleadings. Nor did they communicate with Mr. Howard or with the clerk of the district court until May 10th, after they learned the claim had been allowed. It may be noted that had they filed pleadings, or had they entered their appearance in the case, the attorneys would have been put upon the mailing list of the clerk to be sent a copy of the bar docket for the March term and a list of the cases assigned for trial. (This is an extra service not required by statute.)

It is asserted Mr. Howard's letter caused appellant's attorneys to assume that the issues were to be made up before trial. Such assumption would overlook the fact that the continuance was granted upon condition that appellant plead promptly so that the case could be tried at the March term. Obviously, appellant's breach of this condition did not entitle him to the advantage of a second continuance to a subsequent term.

Counsel for appellant do not say their failure to give the case attention was due to oversight on their part. Perhaps they assumed that, despite the definite arrangement to dispose of the claim at the March term, appellee would forbear sub-

mitting it to the court, or they would be notified of its assignment for trial. In any event, they did not contact Mr. Howard or make any effort to ascertain the status of the case. Mr. Howard testified appellant's failure to plead led him to conclude appellant and his attorneys had decided not to resist the claim.

There is no contention that the allowance of the claim was secured through fraud or collusion with the executor. It was entered after hearing thereon and constituted an adjudication. In re Estate of Nicholson, 230 Iowa 1191, 1208, 300 N. W. 332, 341; In re Estate of Kinnan, 218 Iowa 572, 255 N. W. 632. The question is whether, because of accident or surprise, or unavoidable mistake or misunderstanding, appellant was deprived of an opportunity to present his defenses. Cedar Rapids Finance & Thrift Co. v. Bowen, 211 Iowa 1207, 233 N. W. 495; Thoreson v. Central States Elec. Co., 225 Iowa 1406, 283 N. W. 253. In ruling upon such questions the trial court exercises a wide discretion. Although this court is perhaps more reluctant to interfere with an order granting a new trial than with a contrary ruling, only an abuse of discretion will warrant our interference with any such order. Hagar v. Galles, Iowa, 244 N. W. 700. Under the record we cannot hold the order denying the application to set aside the allowance of the claim constituted an abuse of discretion.

Wherefore, the order is affirmed.—Affirmed.

All JUSTICES concur.