PEOPLE *v.* MILLER.

1. INTOXICATING LIQUORS—CRIMINAL LAW—EVIDENCE—UNLAWFUL SEARCH—COLLATERAL ATTACK.

In a prosecution for violating the liquor law, the question of the illegality of the seizure of liquor offered in evidence should be raised by a direct proceeding to have the liquor returned, and defendant may not raise said question for the first time when the evidence is offered on the trial.

2. SAME—TRIAL—INSTRUCTIONS—PRESUMPTION CREATED BY STATUTE.

Testimony by a police officer that when he entered defendant's place of business and someone shouted "police," defendant swung his hand downward to the bar and broke a glass containing some liquid, *held*, to justify an instruction by the court that, under the statute (section 28, Act No. 53, Pub. Acts 1919), the breaking of a vessel under the circumstances shown was *prima facie* proof that the liquid so destroyed was intoxicating liquor.

3. SAME—CONSTITUTIONAL LAW—ARBITRARY PRESUMPTION.

Defendant's contention that said section 28 is unconstitutional because the presumption which it raises is an arbitrary one cannot be sustained, but, on the contrary, in view of the subject-matter of the legislation, it may be said to be consistent with and in accord with the law of self-preservation.

4. CRIMINAL LAW—INSTRUCTIONS—WITNESSES—APPEAL AND ERROR.

Where defendant had taken the stand in his own behalf, an instruction by the trial court that the jury had "a right to take into consideration the motive a witness may have in giving his testimony," that defendant had "a special interest in the outcome of this case and he might have a motive that would induce him to color his testimony in such manner as to be most favorable to his own interests," *held*, not reversible error, although perhaps better omitted.

5. SAME—DISQUALIFICATION OF JUDGE—QUESTION NOT RAISED IN
   TRIAL COURT.
   Where the trial judge in the recorder's court had acted
   as examining magistrate when defendant was bound over
   for trial, the question as to whether he was thereby dis-
   qualified should have been raised at the proper time in
   the trial court (3 Comp. Laws 1915, § 14563), and where
   not so raised it will not be considered by the Supreme
   Court; the question not being a jurisdictional one.

Error to recorder's court of Detroit; Marsh (Pliny
W.), J. Submitted January 17, 1922. (Docket No.
172.) Decided March 30, 1922.

Stanley Miller was convicted of violating the liquor
law, and sentenced to imprisonment for not less than
6 months nor more than 1 year in the Detroit house of
correction. Affirmed.

*McClear, Stein & Sarbaugh* (*J. Richard Newman,* of
counsel), for appellant.

*Merlin Wiley,* Attorney General, *Paul W. Voorhies,*
Prosecuting Attorney, and *John V. Brennan* and *Rob-
ert M. Toms,* Assistants Prosecuting Attorney, for the
people.

BIRD, J. Defendant was convicted in the recorder's
court for the city of Detroit of a violation of Act No.
338, Pub. Acts 1917, as amended. The particular
violation charged was that he unlawfully imported,
transported and had in his possession certain intoxi-
cating liquors on the 25th day of June, 1921. De-
fendant ran a soft drink saloon at 5700 Rivard street.
Officers, Chestnut and Campbell, walked into his place
on the day in question and found many people in
front of the bar drinking. As the officers entered
someone "hollered police." Thereupon the patrons
immediately left, leaving defendant alone behind the
bar. Upon the announcement of "police" a patron

in front of defendant set his glass on the bar and defendant swung his hand downward, and immediately the officers heard the breaking of glassware on the floor. They looked behind the bar and scooped up some of the liquid from the floor which the glass was supposed to have contained, and subsequently an analysis of this showed that it was intoxicating. They also found behind the bar a small quantity of whisky and wine. The officers had no search warrant, neither did they have a warrant for defendant's arrest.

1. Upon the trial the testimony of officer Chestnut as to what was found in defendant's place was objected to unless it was first shown that he had a search warrant to search the place or a warrant for defendant's arrest. In short, it is the contention of counsel that they had a right to raise the question of illegal seizure of liquors when the testimony was offered and that they were not bound to institute a direct proceeding to have the liquor returned. Counsel cite and quote at length from *Youman* v. *Commonwealth,* 189 Ky. 152 (224 S. W. 860), which holds that this course is permissible. Counsel recognize the rule which was promulgated in this court in *People* v. *Marxhausen,* 204 Mich. 559 (3 A. L. R. 1505), but they suggest that we went too far in that case and venture the opinion that the Kentucky rule is the better one. Undoubtedly, there is a margin for difference of opinion on this question, but this court carefully considered the rule announced in the *Marxhausen Case* before it was handed down, and we are of the opinion that we should adhere to it.

2. The trial court stated to the jury that:

"The statute provides that when any vessel or container of any kind is destroyed under the circumstances described by the officers here, it is *prima facie* proof that the liquid so destroyed was intoxicating liquor."

The basis for this statement is section 28 of Act No. 53, Pub. Acts 1919:

"If fluids are poured out, secreted or otherwise destroyed by the owner of the premises, or occupant, or by any tenant, assistant or other person, when the premises are searched or to be searched, or by any person in whose custody such fluids may be manifestly for the purpose of preventing their seizure * * * such fluids shall be held to be *prima facie* intoxicating liquor and unlawfully possessed."

We think the testimony of what occurred when the officers entered defendant's place justified this statement of the court. The question was one of fact for the jury to determine whether any liquor had been spilled or poured out upon the advent of the officers.

Counsel make the further claim that section 28 is unconstitutional for the reason that the presumption which the statute creates is an arbitrary one, and that there is no rational connection between the fact proved and the ultimate fact presumed. We do not agree with counsel that the presumption created by section 28 is an arbitrary one. Keeping in mind the subject-matter of this legislation we think that when liquids are poured out upon the arrival of the officers of the law, to prevent seizure, a presumption naturally arises that the liquid is one forbidden by the law. The presumption which the act raises is consistent with and in accord with the law of self-preservation.

3. The trial court charged the jury as follows:

"Now, you have a right to take into consideration the motive a witness may have in giving his testimony one way or the other. In this case, for instance, the defendant has taken the stand in his own behalf. Being the defendant, he has a special interest in the outcome of this case and he might have a motive that would induce him to color his testimony in such a manner as to be most favorable to his own interests. I say you have a right to take that fact into considera-

tion. On the other hand, it is your duty to weigh and consider his testimony in the same manner as you do the testimony of all other witnesses in the case."

This raises practically the same question we commented on in *People* v. *Wassmus*, 214 Mich. 48, where it was said:

"It, perhaps, would have been better if the court had omitted the particular language complained of, but we are unable to persuade ourselves that the defendant's interests were in any wise prejudiced by the statement. The statement was true, and every juror knew it, as well before the instruction was given as he did afterwards. It was simply a frank statement of the obvious human side of the situation. If it can be said to be error at all it was not such error as should reverse the case."

We still entertain these views. The questions of motive and inducement, and the natural tendency in all mankind to protect and shield themselves are well understood by jurors, and this knowledge will be used by them in determining the ultimate fact without any suggestion from the trial court. We cannot say that the instruction was reversible error.

4. A further complaint is made that Judge Marsh, who presided at the trial, was disqualified to hear the case because he held the examination at which defendant was bound over to the recorder's court for trial. Since Act No. 369, Public Acts 1919, went into effect the police courts have been abolished and the judges of the recorder's court have held examinations to determine whether there was good cause to hold for trial persons who had been arrested.

Counsel say this question was not raised in the trial court but as it is a jurisdictional question it can be raised for the first time in this court. It is hardly a jurisdictional question. The recorder's court was the proper forum in which to try the case. It

had jurisdiction of the subject-matter and the presiding judge had the general authority to preside at the trial unless, for some reason, he was disqualified. If the trial court's former acts as an examining magistrate had disqualified him to sit in the trial it was the duty of the defendant to raise the question before trial in the trial court. The statute offers a remedy in such cases (3 Comp. Laws 1915, § 14563). Not having raised the question at the proper time in the trial court it will not be considered in this court.

The remaining assignments have been examined and we are of the opinion that there is no merit in them.

The judgment of conviction will be affirmed.

FELLOWS, C. J., and WIEST, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.