PEOPLE *v.* MUSCZYNSKI.

1. INTOXICATING LIQUOR—SEARCH WARRANT—EXECUTION IN NIGHT-TIME.
    It was not· unlawful and unreasonable to execute in the nighttime a search warrant issued under the provisions of the prohibition law.

2. SAME—SEARCHES AND SEIZURES—SEARCH WARRANT—AFFIDAVITS —SUFFICIENCY.
    Where an affidavit for a search warrant was based in· part upon affiant's own knowledge and in part upon another affidavit made on the same day, before the same magistrate, and both affidavits were returned into court, and it appears therefrom that the magistrate had before him

On sufficiency of showing of· probable cause in issuance of search warrant, see notes in 3 A. L. R. 1517, and 13 A. L. R. 1318.

, sufficient facts and circumstances on oath upon which he might determine probable cause for issuing a search warrant, the warrant issued thereunder was valid.

3. SAME—CRIMINAL LAW—EVIDENCE—VALIDITY OF SEARCH WARRANT.
    In a prosecution for violation of the prohibition law, *held,* that the evidence against defendant was procured by a valid search warrant, and his conviction is sustained.

Exceptions before judgment from Alpena; Emerick (Frank), J.    Submitted October 12, 1922.    (Docket No. 139.)    Decided December 5, 1922.

Andrew Musczynski was convicted of violating the liquor law.    Affirmed.

*Frank T. Hinks* (*Lawrence D. Larke,* of counsel), for appellant.

*Merlin Wiley,* Attorney General, and *James Collins,* Prosecuting Attorney, for the people.

CLARK, J.    Defendant was convicted of a violation of the prohibition law.    The evidence against him was procured by a search warrant issued by Fred P. Smith, a magistrate, on January 25, 1922, and executed about 11 o'clock that night.    The search warrant recited that James McArthur had "made complaint on oath and in writing before me" and states that probable cause had been determined upon such complaint. Much of McArthur's complaint is stated on information and belief, but he attempted to state, properly, circumstances which had induced such belief, among them that "an affidavit was made in deponent's presence," which affidavit not being returned into circuit court, the trial judge ordered a further return, which brought up such affidavit, the supplemental return of the magistrate stating, "that the affidavit of Fred Welk, hereto attached, is the affidavit referred to

in the complaint for a search warrant, heretofore returned to the honorable circuit court." Such affidavit was subscribed and sworn to before the said magistrate on the same day that McArthur's complaint was made, and in the presence of McArthur, and it was, in part, the basis of McArthur's complaint as he therein stated. The magistrate had before him both affidavits upon which to determine whether there was probable cause to issue a search warrant. We quote Welk's affidavit:

"THE MUNICIPAL COURT
of the City of Alpena, Michigan.
"FRED P. SMITH, Judge.
"State of Michigan, ⎱ ss:
"County of Alpena ⎰

"Fred Welk, being duly sworn, deposes and says that he is acquainted with Andrew Musczynski, that he lives across the street from Musczynski; that last Saturday night that there was a large number of people at Andrew Musczynski's, that when they left they were using loud, profane language; that I have seen a number of people going there every day; that the place is a place of public resort; that I have seen people come away from there staggering and intoxicated; it happens so often that I didn't keep track of it; I have seen the same people go back several times; I have seen numerous cars go there. I bought liquor of Andrew Musczynski in July and he has the reputation of making liquor; he had a still in the cellar in July, 1921.

"FRED WELK.
"Subscribed and sworn to before me this 25th day of January, 1922.
"FRED P. SMITH,
"Municipal Judge."

In McArthur's complaint or affidavit, as a reason for belief that intoxicating liquor was being manufactured and possessed at defendant's premises, which premises were sufficiently described, he states the following as a fact or circumstance of his own knowledge: "and from the odor this deponent smelled

there." By timely motions, objections and exceptions, defendant has preserved two questions for review.

1. That it was unlawful and unreasonable to execute the search warrant in the nighttime. Judge Emerick summarily disposed of this question against the contention made. In this he is fully sustained by a subsequent opinion of this court, *Voorhies* v. *Judge of Recorder's Court, ante*, 155.

2. That there was not sufficient showing of probable cause to justify the issuance of the search warrant. This is without merit. Welk's affidavit and the quoted statement from McArthur's affidavit, made upon his own knowledge, gave the magistrate abundant facts and circumstances on oath upon which he might determine probable cause for issuing a search warrant. See article 2, § 10, State Constitution; Act No. 99, Pub. Acts 1921; *People* v. *Czckay*, 218 Mich. 660; *United States* v. *Friedman*, 267 Fed. 856; 13 A. L. R. 1318; *Brown* v. *Hadwin*, 182 Mich. 491 (L. R. A. 1915B, 505) ; *People* v. *De La Mater*, 213 Mich. 167; *People* v. *Mayhew*, 214 Mich. 153; *People* v. *Halveksz*, 215 Mich. 136; *People* v. *Effelberg, ante*, 528.

Conviction affirmed.

FELLOWS, C. J., and WIEST, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.