PEOPLE v. PERRIN.

1. INTOXICATING LIQUORS—SEARCH AND SEIZURE—UNLAWFULNESS OF SEIZURE COULD NOT BE FIRST RAISED AT TRIAL.

In a prosecution for violation of the prohibition law, defendant could not at the trial for the first time raise the question of the unlawfulness of the seizure and keep the evidence seized out of the case.

Constitutional guarantees against unreasonable searches and seizures of intoxicating liquors are discussed in notes in 3 A. L. R. 1514; 13 A. L. R. 1316.

2. Same—Evidence—Void Search Warrant Not Admissible.

Although the evidence seized was admissible because of failure to move, before trial, for its suppression, the search warrant and its underlying papers were not admissible in evidence unless valid.

3. Same—Search Warrant Issued on Information and Belief Void.

A search warrant which declared on its face that it was issued on information and belief of a Federal prohibition agent and the sworn statement of another is void.

4. Same—Evidence—Affidavits—Void Search Warrant—Curing Error.

Error in admitting in evidence a sworn statement in support of a void search warrant was not cured by the opportunity afforded defendant of calling affiant for cross-examination.

5. Same — Evidence—Void Search Warrant—Failure to Move for Suppression of Evidence Seized.

It was prejudicial error to admit in evidence a void search warrant and its underlying papers, and such error could not be avoided under the claim that defendant, by reason of failure to move for the suppression of the evidence seized thereunder, could not attack the validity of the search warrant when offered in evidence against him.

Exceptions before judgment from St. Joseph; Johnson (Clayton C.), J. Submitted April 13, 1923. (Docket No. 110.) Decided June 4, 1923.

Fred Perrin was convicted of violating the liquor law. Reversed.

*George H. Arnold,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *James T. Sloan,* Prosecuting Attorney, for the people.

Wiest, C. J. Defendant was convicted of keeping a place where intoxicating liquors were possessed contrary to law. The case is here on exceptions before sentence.

The principal evidence against defendant was procured under a search warrant issued by a United States commissioner under the National prohibition act. The serious question presented concerns the admissibility in evidence of the Federal search warrant, the showing made for the issuance thereof and the return of the seizure made thereunder. At the trial the Federal prohibition agent, who made the seizure under the search warrant, was asked to tell what he found in defendant's house. This was objected to unless a valid search warrant was issued. The search warrant, application by the witness for it and the supporting affidavit of one Fred Walker, taken before the witness as prohibition agent, and submitted to the commissioner, and the return to the warrant were produced and, over the objection of defendant, introduced in evidence. It is claimed that defendant, in demanding proof of a valid search and seizure, cannot now complain of the admission of such evidence, and besides, having failed to move, before trial, for suppression of the evidence seized, the attack upon the search warrant comes too late.

It will be noted that defendant demanded proof of a valid search warrant. It is true that defendant could not at the trial for the first time raise the question of the unlawfulness of the seizure and keep the evidence seized out of the case. *People* v. *Campbell,* 160 Mich. 108 (34 L. R. A. [N. S.] 58, 136 Am. St. Rep. 417) ; *People* v. *Marxhausen,* 204 Mich. 559 (3 A. L. R. 1505) ; *People* v. *Miller,* 217 Mich. 635. It was, therefore, not necessary in this case for the prosecution to justify the seizure under a valid warrant. The trial court need not stop the course of the case to inquire how evidence comes to the court. But this does not meet the point raised. The evidence seized and in court was admissible and the

search warrant and its underlying papers and the return had no business in the case unless valid. They were admitted in evidence. We must, therefore, pass upon the validity of the search warrant and test the same in the light of our decisions. The search warrant was void. It declared on its face that it was issued on information and belief of a Federal prohibition agent and the sworn statement of Fred Walker. Information and belief of one applying for a search warrant is not sufficient. *People* v. *Effelberg*, 220 Mich. 528. The same is true under the National prohibition act (*United States* v. *Kelih*, 272 Fed. 484). The law still demands facts, and will not accept second-hand information, even though one carrying the same to the seat of justice endows it with his own belief. The sworn statement of Fred Walker was not made before the commissioner but before a Federal prohibition agent. In this State we will not tolerate the moving of the magisterial mind to a finding of probable cause to issue a search warrant upon an affidavit not made before him. The magistrate must have an opportunity to question an affiant, or at least act upon a showing made by a witness in his presence. Security against unreasonable searches and seizures demands this and a prosecution for perjury, if the affidavit is wilfully false, requires it. *People* v. *Titmus*, 102 Mich. 318.

The introduction in evidence of the affidavit of Fred Walker placed before the jury his extra-judicial statement of claimed criminality ˙on the part of defendant and violated the right of the accused to be confronted with the witness against him face to face. Mr. Walker was not a witness at the trial. But the prosecution urge that, inasmuch as his name was indorsed on the information, the defendant had an opportunity to call him for cross-examination. The

prosecution had the benefit of his statement without calling him as a witness. The statement was not admissible, and the error of permitting it to go to the jury was not cured by an opportunity afforded defendant to call him for cross-examination.

We are not concerned in this case with the Federal practice relative to search warrants, nor do we find it necessary to pass upon the point that a seizure under a search warrant, issued by a Federal commissioner, cannot be used as evidence in the State court.

If defendant had moved, before trial, to suppress the evidence obtained under the warrant, and been denied redress, then the validity of the search warrant would have been a proper subject of renewed inquiry at the trial, as bearing upon the admissibility of the evidence seized. It was prejudicial error to admit the search warrant and its underlying papers in evidence, and such error cannot be avoided under the claim that defendant, by reason of failure to move for the suppression of the evidence so seized, could not attack the validity of the search warrant when offered in evidence against him.

The further point is made that the seizure was unlawful because made in the private dwelling of the defendant. This point should have been raised by motion to suppress the evidence.

The prosecution claim the search warrant and application therefor constituted relevant and competent evidence in the case and there was no error committed in admitting the same over the objection of the defendant, and call our attention to *Patterson* v. *State*, 8 Ala. App. 420 (62 South. 1023). We have pointed out the inadmissibility of such evidence and it only remains to disclose the inapplicability of the case cited. In that case it was held there was no error in overruling the defendant's objection to the introduc-

tion, in evidence, by the State, of the search warrant under which the seizure was made, and the affidavit upon which the warrant was issued, and the sheriff's return made on the warrant, setting forth and giving a description of the liquors he had seized under it. But the reason given was that the objection did not specify or state any grounds whatsoever, as required by a court rule on the subject. Neither was the validity of the search warrant questioned in that case.

The conviction is reversed and a new trial granted.

FELLOWS, McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.