PEOPLE *v.* VULJE.

1. CRIMINAL LAW—EVIDENCE—SUPPRESSION—VALIDITY OF SEARCH
   WARRANT MAY NOT BE RAISED FOR FIRST TIME ON TRIAL.
   Where defendant, charged with unlawfully having in his
   possession intoxicating liquor, waived examination, stood
   mute when arraigned, and did not raise the question of
   the validity of the search warrant under which evidence
   against him was obtained until the case was called for
   trial and the clerk, by direction of the court, was pro-
   ceeding to impanel the jury, such question was raised
   too late to be available to defendant.

2. SAME—SEARCH WARRANT NOT PART OF CRIMINAL CASE—PROPER
   PROCEDURE.
   As a general rule a search warrant is not properly a part
   of a criminal case, it being but an authorized method
   of securing evidence, and Act No. 53, Pub. Acts 1919,
   does not in express terms require the papers relative to
   a search warrant to be returned by the committing
   magistrate if examination is waived, and, where not re-
   turned, if defendant desires and is entitled to have them
   before the circuit court, application for a further return
   is the proper course.

3. SAME—MOTION TO SUPPRESS EVIDENCE—MOTION MUST CONFORM
   TO COURT RULES.
   If, under special circumstances, the question of the sup-
   pression of evidence obtained under an alleged illegal
   search warrant may, in the discretion of the trial court,
   be first raised before it by motion to suppress, such motion
   should comply with Circuit Court Rule No. 15, as to the
   giving of notice to opposing counsel.

4. SAME—COLLATERAL ISSUES—TRIAL.
   Courts will not stop the trial of a cause to turn aside for
   investigation and determination of such collateral issues
   as are raised by a motion to suppress evidence alleged
   to have been obtained by an illegal search warrant.
   FELLOWS and BIRD, JJ., dissenting.

Exceptions before judgment from Calhoun; North

(Walter H.), J.    Submitted June 14, 1923.    (Docket No. 105.)    Decided July 19, 1923.

Mike Vulje was convicted of violating the liquor law. Affirmed.

*D. G. F. Warner*, for appellant.

*Clyde C. Cortright*, Prosecuting Attorney, and *A. W. Lockton*, Assistant Prosecuting Attorney, for the people.

STEERE, J.    Defendant was convicted by the verdict of a jury in the circuit court of Calhoun county of unlawfully having in his possession a quantity of intoxicating liquor.    He brings the case here for review on exceptions before sentence.    The question raised on this record is essentially one of procedure.    On complaint regularly made and warrant issued defendant was arrested and taken before the proper magistrate where he waived examination and was bound over for trial to the circuit court.    The committing magistrate made customary return of the proceedings to the circuit court, certifying that examination before him was waived. Under such return an information was filed at the ensuing term of the circuit court which then had jurisdiction to try the case. *People* v. *Wright*, 89 Mich. 70.    Defendant was represented by counsel and when arraigned stood mute to the charges contained in the information.    A plea of not guilty was thereupon entered in his behalf by order of the court.    The case was assigned for trial as the last criminal case of the term.    When reached and called for trial a few days later with defendant and counsel for the respective sides present, the clerk, by direction of the court, proceeded to impanel a jury when defendant's

counsel interposed with a motion which he then filed, supported by an affidavit of defendant, asking that all evidence in the case obtained under a search warrant which had been previously issued by the magistrate be suppressed. To this the prosecution objected on the ground the motion came too late, the question was not raised in the lower court, defendant had waived examination, no search warrant was in the files of the case or before the court, no intimation to the court or previous notice to counsel had been given of such motion and the court should not turn aside to inquire into a collateral issue as to the source of evidence when first presented after the case was called and trial begun. Treating the motion as tentatively submitted with defendant's rights preserved under a temporary adverse ruling, the court, with consent of defendant's counsel, held the question open for argument later and proceeded with the trial. Of this the court said in later dismissing the motion:

"The final determination of this motion was deferred for the purpose of enabling the prosecuting attorney to make a counter showing and enabling the attorneys for the respective parties to file briefs. This has been done and after having given the matter full consideration I am of the opinion that the motion should be denied for the following reasons:

"*First*. It now appears by the record in this cause that there was no unlawful use or abuse of a search warrant but on the contrary the same was properly issued after a sufficient showing before the magistrate and,

"*Second*, because the question now before the court was never raised by or in behalf of the defendant until after the trial of said cause had been called and the impaneling of the jury started. It is, therefore, ordered and adjudged that defendant's motion that the verdict be set aside and he be discharged from custody be and the same is hereby denied."

It is undisputed that no search warrant or pro-

ceeding in relation to it appeared in the files of the case, nor did defendant at any time apply to the court for an order for further return.    Defendant's counsel contends that under his motion to suppress and objection to introduction of any evidence to which it related it was incumbent on the prosecution to show the search warrant was supported by a proper affidavit and to that end, if he desired, make an application for a further return showing an affidavit, citing *People* v. *Knopka,* 220 Mich. 540.    This court there construed the provisions of Act No. 53, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 7079 [29]), relative to search and seizure, as inferentially requiring that where arrest of the accused follows execution of a search warrant "and there is a return to the circuit court upon an examination," the search warrant, affidavits, etc., shall be made a part of the return.    In that case there was an examination before the magistrate, and a motion then made to quash on the ground, in part, that there was no showing of probable cause to justify a search warrant, which the magistrate overruled and included in his return the search warrant with an affidavit for it which was insufficient.    It is indicated that another and sufficient affidavit had been made before him which he did not return and which the prosecutor failed to properly get before the trial court by requesting an order for a further return, as he might have done.    In reversing the case it was said, "if both such affidavits had been duly returned, the warrant might be treated as having issued on both affidavits."

As a general rule a search warrant is not properly a part of a criminal case.    It is but an authorized method of securing evidence.    The act does not in express terms, nor as construed in the *Knopka Case,* require the papers relative to a search warrant to be returned by the committing magistrate if examination

is waived.    If defendant desired and was entitled to have them before the circuit court, application for a further return is pointed out in that case as the proper course.

When arrest of an accused follows execution of a search warrant the question of its validity can be raised by him as soon as he is taken before the magistrate.    He is entitled to an examination, unless he expressly waives it, before that court where the warrant is returned and affidavits in support of it filed and the whole matter open for investigation.    Then, in case of an adverse ruling, those proceedings are returned with and as a part of the examination, ready for review in the circuit court, if he so desires and timely moves for such action.    But even if under any special circumstances he may, in the discretion of the trial court, first raise the question before it and there move for suppression of the evidence and dismissal, he should at least make his motion timely and in compliance with the rules of that court.    Under Circuit Court Rule No. 15, opposing counsel is entitled to a copy of the motion and a four days' notice of the time it will be presented for argument, unless the court in its discretion on good cause shown shortens the time. This rule has been held to apply to certain dilatory motions in criminal cases (*Peterson* v. *St. Clair Circuit Judge,* 143 Mich. 79; *Burgess* v. *Wayne Circuit Judge,* 171 Mich. 583; *Glinnan* v. *Judge of Recorder's Court,* 181 Mich. 192), and we see no reason why it is not equally applicable here.

Before this motion was made or filed the case had been called and the machinery of the court set in motion to try it with the clerk in the act of calling the waiting jurors.    The trial had in effect been begun. The motion raised a collateral issue as to how and in what manner certain evidence was procured.    The rule  is  fairly  settled  that  courts  will  not  stop  the

trial of a cause to turn aside for investigation and determination of such collateral issues. *People* v. *Campbell*, 160 Mich. 108 (34 L. R. A. [N. S.] 58); *People* v. *Marxhausen*, 204 Mich. 559 (3 A. L. R. 1505). Defendant's motion was *dehors* the record, without previous notice, and first made after the case had been called and impaneling of a jury begun. It was properly denied.

The conviction is affirmed.

WIEST, C. J., and McDONALD, CLARK, SHARPE, and MOORE, JJ., concurred with STEERE, J.

BIRD, J. (*dissenting*). I think the motion timely made if made before the trial commences.

FELLOWS, J., concurred with BIRD, J.