PEOPLE v. COFFEY.

CRIMINAL LAW — INTOXICATING LIQUORS—EVIDENCE—MISCARRIAGE OF JUSTICE.

In a prosecution for illegal possession of intoxicating liquor, where the evidence that defendant, at the time of his arrest, had in his possession a pint of whisky was undisputed, error in admitting in evidence a jug of whisky found in the possession of another, *held*, not reversible, there being no miscarriage of justice in defendant's con-

On admissibility against defendant of documents or articles taken from him, see notes in 59 L. R. A. 467; 8 L. R. A. (N. S.) 762; 34 L. R. A. (N. S.) 58; L. R. A. 1915B, 834; L. R. A. 1916E, 715.

viction within the meaning of 3 Comp. Laws 1915, §
14565. WIEST, C. J., and FELLOWS and BIRD, JJ., dissenting.

Exceptions before judgment from Allegan; Cross
(Orien S.), J. Submitted October 11, 1923. (Docket
No. 141.) Decided December 19, 1923.

Daniel Coffey was convicted of violating the liquor
law. Affirmed.

*Clare E. Hoffman,* for appellant.

*I. C. Montague,* Prosecuting Attorney, for the people.

WIEST, C. J. (*dissenting*). Defendant was con-
victed of having a pint of whisky in his possession.
The evening of July 27, 1922, the sheriff of Allegan
county was informed, by telephone, that an automobile
had just parked in front of rooms occupied by William
Dibble on Brady street in the city of Allegan, and two
men had left the auto, one of whom carried a jug
upstairs, and there was loud talking going on up there.
In response to this anonymous communication the
sheriff went to Brady street, found an auto parked in
front of Dibble's rooms, heard men talking upstairs,
searched the auto and found therein a half-gallon jug
of whisky, waited awhile and when two men came
down the stairway arrested and searched them and
found each had a pint bottle of whisky. Defendant
was one of the men arrested and Jesse Laughery the
other. At the trial the whisky so found on defend-
ant's person, and the jug found in the auto, went in
evidence over objection. The automobile belonged to
Jesse Laughery who was tried and convicted for
having the jug of whisky in his possession before de-
fendant's trial. The trial judge let the testimony in
for its bearing upon the right of the sheriff to arrest
the defendant without a warrant. Following the
arrest the sheriff procured a warrant to search the

rooms of Dibble and, over objection, was permitted to testify he found there a gallon jug of whisky. The sheriff identified the jug and it was marked as an exhibit. The court ruled that the only purpose of such evidence was "showing the right to make the search of the automobile and the justification for the arrest." Dibble testified he got the jug found in his room from Jesse Laughery, and when Laughery brought it defendant came with him. Over objection he stated he paid $10 for the liquor. This money was paid to Laughery. The prosecuting attorney then offered the jug of whisky so found in the room of Dibble in evidence, stating he did so: "not for the purpose of convicting the respondent, but for the sole purpose of bearing upon the right of the sheriff to make the arrest." The court held: "It may be received for that purpose only."

William Oliver, a deputy, was present when the sheriff searched defendant, and at the trial defendant requested the court to require the prosecution to place Oliver on the stand for cross-examination. Oliver was not indorsed on the information, and it was claimed by the prosecution he was out of the State at the time of the trial. In the course of argument to the jury the prosecutor said:

"Why should we bring Will Oliver here? Why should we go clear to Indiana or Illinois and bring back another person to testify to the same facts that the sheriff testified to? Why should we put the county to that expense? If they wanted Mr. Oliver, they could get him, or they could take his deposition."

Objection was taken to this statement and the court ruled that defendant could have taken his deposition if he had wanted to. The case is here for review on exceptions before sentence.

We find no motion, before trial, to suppress the evidence found on defendant's person at the time of his arrest. If the arrest was not justified such a

motion should have been made. In the absence of such a motion an objection to the way the evidence was obtained cannot be raised at the trial. *People* v. *Campbell,* 160 Mich. 108 (34 L. R. A. [N. S.] 58, 136 Am. St. Rep. 417) ; *People* v. *Marxhausen,* 204 Mich. 559 (3 A. L. R. 1505) ; *People* v. *Miller,* 217 Mich. 635; *People* v. *Perrin,* 223 Mich. 132; *People* v. *Vulje,* 223 Mich. 656. A different rule prevails in the Federal courts. *Gouled* v. *United States,* 255 U. S. 298 (41 Sup. Ct. 261). The question is settled in this State and cannot be disturbed. It follows, therefore, it was not necessary, in order to admit the liquor in evidence, to show it was found on defendant's person in a search accompanying a lawful arrest. This being true it was clearly error, and prejudicial to the rights of defendant, to introduce in evidence the two jugs of whisky found and taken from the possession of others, and the error was not cured by limiting the testimony and the exhibits to the purpose stated.

We must decline, under this record, to pass upon the question of the validity of the arrest of defendant. This ruling disposes of many errors assigned and leaves but two requiring notice. We fail to discover any harm occasioned defendant in not requiring the prosecution to indorse the name of Deputy Sheriff Oliver on the information and produce him for cross-examination. Mr. Oliver only assisted the sheriff in making the arrest and was, at the most, but a witness to an alleged discovery of a crime. If the crime was committed by defendant a mere discovery of it at the time of his arrest did not constitute the officer a *res gestæ* witness. See *People* v. *Wright,* 90 Mich. 362. The rule is well settled and the duty of the prosecution to produce *res gestæ* witnesses is exhaustively considered in *People* v. *Blazenzitz,* 212 Mich. 675. In any event defendant should not have delayed his request until the trial was on. In making

his argument the prosecutor had an undoubted right to comment upon the testimony in the case, but he should not have directed attention to the failure of defendant to produce Mr. Oliver or take his testimony. *People* v. *Deitz*, 86 Mich. 419.

For the error in laying before the jury the whisky found in the possession of others and in admitting the testimony of the sheriff and Mr. Dibble as to the circumstances under which whisky was in Dibble's possession, the conviction should be set aside, the judgment reversed, and new trial granted.

FELLOWS and BIRD, JJ., concurred with WIEST, C. J.

SHARPE, J.    In view of the undisputed testimony as to defendant's possession of the pint of whisky, I do not think the error pointed out requires a reversal. 3 Comp. Laws 1915, § 14565.

The conviction is affirmed, and the trial court directed to proceed to sentence.

McDONALD, CLARK, MOORE, and STEERE, JJ., concurred with SHARPE, J.