PEOPLE *v.* SCHREGARDUS.

1. SEARCHES AND SEIZURES — AFFIDAVIT — SUFFICIENCY — PRIVATE DWELLING.

Statements in an affidavit for a search warrant that affiant had been watching the premises in question for about 50 days, that he had often smelled liquor thereon, that he had seen people going out and in late at night, generally from the rear, and one night saw two men

On constitutional guaranties against unreasonable searches and seizures, as applied to search for or seizure of intoxicating liquors, see notes in 3 A. L. R. 1514; 13 A. L. R. 1316; 27 A. L. R. 709.

come from there late in an intoxicated condition, *held*, sufficient to authorize the issuance of a warrant to search a private dwelling.

2. SAME—PRIVATE DWELLINGS NOT IMMUNE IF USED UNLAWFULLY. Under Act No. 336, Pub. Acts 1921, private residences lose immunity from search warrants if they are places of public resort, or if used for the unlawful manufacture or sale of intoxicating liquor.

3. SAME — FAILURE TO DESIGNATE LIQUOR AS INTOXICATING NOT FATAL IN VIEW OF WHOLE STATEMENT. The failure in one part of the statement to designate the liquor as intoxicating, *held*, not to open the way to conjecture that it was not intoxicating, in view of the statement as a whole.

4. SAME — FAILURE TO DESIGNATE OFFICIAL TITLE OF PERSON DIRECTED TO ACT NOT FATAL. The direction of a search warrant to the sheriff or any constable of the county, with a command to one V. to make the search and seizure, *held*, sufficient under the statute (Comp. Laws Supp. 1922, § 7079 [25]), notwithstanding failure to designate V.'s official character as a deputy sheriff.

5. CRIMINAL LAW — SEARCH WARRANT—UNLAWFUL DESTRUCTION OF LIQUOR BY SHERIFF NOT PREJUDICIAL TO DEFENDANT. Although the sheriff, after saving some of the seized liquor for evidence, destroyed the balance, thereby disobeying the law and command in the search warrant to safely keep it, defendant may not complain thereof, since he was in no way prejudiced thereby.

Exceptions before judgment from Ottawa; Cross (Orien S.), J.   Submitted January 18, 1924.   (Docket No. 140.)   Decided March 5, 1924.

Mitchell Schregardus was convicted of violating the liquor law.   Affirmed.

*Robinson & Parsons*, for appellant.

*Fred T. Miles*, Prosecuting Attorney, for the people.

WIEST, J.   Defendant stands convicted of the crime of manufacturing and having in his possession intoxi-

cating liquor.    The case is here on exceptions before sentence.    An officer, executing a search warrant, found 50 gallons of wine and two dozen bottles of "home brew beer" in defendant's dwelling house.    Before trial defendant moved the court to order the liquors returned, and suppress the same as evidence, because of alleged invalidity of the search warrant. Defendant claimed the showing made for the search warrant did not state facts from which probable cause could be found, and the command of the search warrant was to Ed. Vander West, without official designation. In the affidavit made by Mr. Vander West it was stated:

"That intoxicating liquors are manufactured, possessed, sold, furnished or given away, contrary to law and are kept for the purpose of being sold, furnished or given away contrary to law, in a two-story frame building located on the following described parcel of land, viz.:  At and known as No. 19 West Sixth street in the first floor and basement situate in the city of Holland, said county and State, and occupied by Mitchell Schregardus and Louis DeWitt.    That said building is a private dwelling house, occupied as such, but is a place of public resort and it is used for the unlawful sale and manufacture of intoxicating liquors.    *    *    *

"That the facts supporting the belief of the affiant and upon which the foregoing allegations are made are as follows:

"I have been watching the place nights, covering a period of about 50 days, have often smelled liquor on the premises, saw people going out and in late at night, generally from the rear, and one night saw two men come from there late in an intoxicated condition; also I have had many reports from others concerning this place as a liquor joint."

We will examine the showing for the search warrant only so far as to determine whether it afforded justification for a finding of probable cause.    Brewing of beer and fermentation of ingredients into wine send forth odors all their own.    A sleuth, seeking evidence,

may employ his sense of smell, and, if he sniffs liquor, follow his nose to the place the smell leads him.

Every hungry schoolboy can tell, by sense of smell, before reaching the kitchen door, the mainstay for dinner.    The fragrance of ginger bread, pumpkin pies, and fried cakes, the aroma of coffee, jams, jellies and preserves in the making, and the odors from cooking cabbage, onions and turnips go beyond kitchen doors.    So do the odors of brewing mash and fermenting wine masses.    Defendant evidently overlooked this fact, and now, to liberally paraphrase an old saying, his remedy is to blame the brew and ferment scent for betraying the safety the house-door lent.

But, it is insisted, that search could not be made of defendant's private dwelling unless it was a place of public resort or used for the manufacture or sale of intoxicating liquor, and the showing fell short of this.    If the magistrate believed the sworn statement he had a right to find probable cause that defendant's dwelling was being used for the manufacture of intoxicating liquor.    This holding excludes the statement:

"I have had many reports from others concerning this place as a liquor joint."

Private residences lose immunity from search warrants if they are places of public resort, or if used for the unlawful manufacture or sale of intoxicating liquor.    Act No. 336, Pub. Acts 1921, § 30 (Comp. Laws Supp. 1922, § 7079 [30]).

The failure in one part of the statement to designate the liquor as intoxicating does not open the way to serious thought that such liquor may not have been intoxicating.    The statement as a whole negatives any such conjecture.

The search warrant was directed to the sheriff or any constable of Ottawa county, with a command to "Ed. Vander West" to make the search and seizure,

and the point is made that the failure to designate Vander West's official character invalidated the warrant. Vander West was, in fact, a deputy sheriff and made return as such to the warrant. The law requires the warrant to be issued to an officer having power to serve criminal process (Comp. Laws Supp. 1922, § 7079 [25]). We think the greeting of the warrant to the sheriff and the fact that Vander West was a deputy sheriff must control and, therefore, the point is without merit.

At the trial some of the liquor was produced and it developed that the officers dumped 41 gallons of the wine out in the yard. The sheriff testified:

"Well, we kept it, or I did, what I determined a sufficient amount for evidence. We would have to have gotten a truck to haul the rest of it, if we made a practice of doing that, of hauling it to the jail, we would not have the room in the jail to store it."

We find in the law, and in the warrant under which seizure was made, command to the officer to safely keep the liquor seized and hold the same subject to the order of the magistrate or court to be used as evidence. The sheriff, in destroying the wine, broke such command and violated the law under which he was acting. Officers acting under the prohibition law must obey the law. Under search warrants they are sent out to seize and to preserve; they are in no sense agents of destruction. This, however, does not help defendant. He cannot complain because he was not confronted with all the liquor seized. We fail to see how more evidence against defendant would have helped him.

We find no reversible error and the conviction is affirmed and the circuit court advised to proceed to judgment.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.