## PEOPLE *v.* WOODS.

INTOXICATING LIQUORS — SEARCH WARRANT — AFFIDAVIT — SUFFI-
CIENCY.

An affidavit for a search warrant stating that affiant
searched a certain person just outside of a certain build-
ing and found no intoxicating liquor in his possession and
no smell thereof on his person or clothes, and that said
person then entered said building and when he came out
his clothes smelled of whisky which he had obtained
therein, and which affiant sent him in to purchase, *held,*
sufficient under Comp. Laws Supp. 1922, § 7079 (25), to
support a finding of probable cause by the magistrate for
issuing the warrant.

Exceptions before judgment from Bay; Houghton
(Samuel G.), J.   Submitted June 13, 1924.   (Docket
No. 101.)   Decided July 24, 1924.

Frank Woods was convicted of violating the liquor
law.   Affirmed.

*Collins & Thompson,* for appellant.

*Frank C. Patterson,* Prosecuting Attorney, for the
people.

CLARK, C. J.   On exceptions before sentence, one
question is presented for decision.   Is the affidavit
for the search warrant, respecting the matter stated
by affiant of his own knowledge, sufficient to support
a finding of probable cause by the magistrate for
issuing the warrant?   Comp. Laws Supp. 1922, §
7079 (25).

The language in question:

"Affiant searched a certain person just outside of
and within view of said building and premises and

found said person had no intoxicating liquor in his possession, nor any bottle or container capable of holding the same, nor did said person or his clothes smell of intoxicating liquor or whisky, and affiant then and there saw said person go into said building and after watching said building a short time affiant saw said person come out and come to affiant, and the clothes of said person then smelled of whisky which said person obtained in said building, and which whisky affiant sent said person into said building to purchase and said person told affiant he did purchase said whisky in said building from said Woods, all of which observation and acts occurred within three days next preceding the day of making this affidavit."

Under the following cases the warrant must be sustained, and we need not repeat what is there said: *People* v. *Starkweather,* 224 Mich. 137; *People* v. *Musczynski,* 220 Mich. 536; *People* v. *Schregardus,* 226 Mich. 279; *People* v. *Warner,* 221 Mich. 657.

Conviction affirmed.    Cause remanded for judgment.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.