PEOPLE *v.* BOYD.

CRIMINAL LAW—MOTION TO SUPPRESS EVIDENCE—NOTICE—CIRCUIT COURT RULE.

> Under Circuit Court Rule No. 15, requiring four days'
> notice of motions, a motion made by defendant's attorney
> to suppress evidence in a prosecution for violation of the
> prohibition law made only two days before the opening
> of the term, was properly denied, in the absence of any
> showing of cause for shortening the time.

Exceptions before judgment from Hillsdale; Chester (Guy M.), J.    Submitted June 13, 1924.    (Docket No. 100.)    Decided July 24, 1924.

William J. Boyd was convicted of violating the liquor law.    Affirmed.

*Merton Fitzpatrick,* for appellant.

*J. Culver Riggs,* Prosecuting Attorney, for the people.

WIEST, J.    This is review, on exceptions before sentence, of defendant's conviction of a violation of the prohibition law.    The 17th day of August, 1921, officers followed two men into defendant's place of business in the city of Hillsdale and seized, without a search warrant, two glasses of hard cider there furnished the men.    An analysis of the cider disclosed upward of five per cent. of alcohol.    On Saturday, October 6, 1923, defendant's counsel served a motion to suppress the evidence seized by the officers and noticed the same for hearing on Monday, October 8th, that being the first day of the October term of the circuit court for the county of Hillsdale.

Circuit Court Rule No. 15 requires four days' notice of motions and, upon objection by the prosecuting attorney, the trial judge declined to hear the motion. The case was reached for trial the next day and defendant was tried and convicted. This court stands firmly committed to the procedure requiring a motion to suppress evidence to be made before trial. *People v. Campbell*, 160 Mich. 108 (34 L. R. A. [N. S.] 58, 136 Am. St. Rep. 417); *People v. Marxhausen*, 204 Mich. 559 (3 A. L. R. 1505); *People v. Miller*, 217 Mich. 635; *People v. Perrin*, 223 Mich. 132; *People v. Vulje*, 223 Mich. 656.

In the *Vulje Case* we held to the procedure mentioned, and applied the rule requiring four days' notice of such a motion, and such is the rule unless the court in its discretion, on good cause shown, shortens the time. No cause was shown and none existed in the case at bar for shortening the time, as several terms of the circuit court had intervened between defendant's arrest and trial and, therefore, ample opportunity had been afforded for presenting such motion.

The *Vulje Case* is controlling and, as defendant's other assignments of error have no merit, the conviction is affirmed and the circuit court advised to proceed to judgment.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.