PEOPLE *v.* MITROFF.

INTOXICATING LIQUORS—EVIDENCE OBTAINED BY MEANS OF INVALID SEARCH WARRANT INADMISSIBLE.

> In a prosecution for violation of the prohibition law, where the affidavit was insufficient to justify the issuance of a search warrant, the evidence obtained by means of said invalid warrant was inadmissible and should have been suppressed on motion of defendant's counsel appropriately made.[1]

Exceptions before judgment from Shiawassee; Collins (Joseph H.), J. Submitted June 12, 1925. (Docket No. 95.) Decided July 16, 1925.

---

[1]Criminal Law, 16 C. J. § 1110.

Gabriel Mitroff was convicted of violating the liquor law.    Reversed, and defendant discharged.

*Guy M. Wilson*, for appellant.

*Andrew B. Dougherty*, Attorney General, and *Leon F. Miner*, Prosecuting Attorney, for the people.

FELLOWS, J.    The affidavit upon which the justice issued a search warrant, without stating the time, states as the grounds of affiant's belief:

* * * "and that the grounds of his said belief are as follows: (he has smelled said liquor on the premises) ; (he has observed a large number of persons going to said premises and coming away without any apparent legitimate business there)."

Armed with the search warrant, based on this affidavit, officers entered defendant's place of business, and told him they had a search warrant.    They testify that a woman employee on hearing this statement quickly passed down behind the counter and they heard something rattle; one or both of them immediately went behind the counter and discovered that the employee had emptied the contents of a pitcher into a sink and turned on the water.    The officer turned off the water and one of them sopped up the contents of the sink with a sponge and squeezed it into a bottle; upon an analysis it proved to have sufficient alcohol content to be intoxicating.    One of the officers testifies:

"After we had completed that part of our job, we went down cellar by going through the north part of the building and downstairs.    We hunted the cellar over until we found the pipe leading from the sink in which pipe was a trap or goose-neck.    I unscrewed the burr and lower part of the goose-neck.    Mr. Denyes held a can under the trap and we caught a quantity of moonshine whisky and water.    We lost more than we got.    I identify people's Exhibit C as the water

and liquor that we caught from the trap, it had an odor which I identify as moonshine whisky."

The officer's return to the search warrant is as follows:

"STATE OF MICHIGAN,
"County of Shiawassee—ss.
"I hereby certify and return that by virtue of the within warrant I searched for the intoxicating liquors and implements therein named at the place therein directed and described and found ½ pint of moonshine whisky, more or less.
"Dated at the city of Corunna this 22nd day of September, A. D. 1924.
                    "GEO. P. LAWCOCK,
                              "Undersheriff."

Defendant made the appropriate motion to suppress the evidence thus obtained, which motion was denied. Upon the trial appropriate objections were made to receiving the liquor in evidence but these were overruled and both the liquor sopped up with the sponge and that obtained in the cellar were received in evidence. It is the only evidence upon which the conviction rests.

Before the argument of this case the opinion in *People* v. *Musk, ante,* 187, was handed down. Upon the argument it was conceded, and properly so, that under the holding in that case the search warrant in this case was invalid. But it is insisted that nevertheless the liquor should not be suppressed but should be admitted in evidence upon the authority of *People* v. *Woodward,* 220 Mich. 511, and *People* v. *Chomis,* 223 Mich. 289. It is somewhat difficult to perceive how this contention can be sustained upon this record. The officers definitely and positively swear that all they did was done under the search warrant. But, be that as it may, neither of the cases cited sustain the contention. In both of the cases cited the liquor was in plain view of the officers and no search was made or

was necessary.    Here the officers were obliged to go behind the counter in one instance, and in the cellar in the other instance, to search for the liquor.    These were places to which the public was not invited and where it had no right to go.    Doubtless the officers assumed their warrant was valid and they had the right to make the search.    The record is clear that they would not have made the search or seized the liquor had they not so believed.    Upon principle the case is not unlike *People* v. *De La Mater,* 213 Mich. 167, and is controlled by it.    See, also, *People* v. *Halveksz,* 215 Mich. 136; *People* v. *Conway,* 225 Mich. 152.

The trial judge should have granted the motion to suppress.    Without the evidence unlawfully obtained, no case is made against defendant.

The conviction will be set aside and the defendant discharged.

MCDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.    CLARK, J., did not sit.