PEOPLE v. SCHUITEMA.

1. INTOXICATING LIQUORS—SEARCHES AND SEIZURES—AFFIDAVIT —
SUFFICIENCY—PRIVATE DWELLING.
    Statements in an affidavit for a search warrant that af-
    fiant had been on the premises, which include a private
    dwelling house, occupied as such, on the date the affidavit
    was sworn to, which was the third time in the last six
    weeks, and that each time he noticed the odor of intoxicat-
    ing liquors and the congregating of a large number of people
    on the premises, *held*, sufficient to warrant the finding of
    probable cause for believing that defendant's dwelling was
    used as a place of public resort and for the unlawful manu-
    facture and sale of intoxicating liquors and to authorize
    the issuance of a search warrant.[1]

2. SAME—ALLEGATIONS IN DISJUNCTIVE SUFFICIENT.
    Under Act No. 338, Pub. Acts 1917, § 27, an affidavit for a
    search warrant is sufficient although the different acts
    mentioned in the statute as constituting the offense are
    alleged in the disjunctive; the same nicety of pleading
    not being required as in an indictment.[2]

Exceptions before judgment from Ottawa; Cross
(Orien S.), J.    Submitted June 12, 1925.    (Docket
No. 97.)    Decided July 16, 1925.

Edward Schuitema was convicted of violating the
liquor law.    Affirmed.

*Robinson & Parsons*, for appellant.

McDONALD, C. J.    The defendant was convicted of
a violation of the prohibitory liquor law in that he
kept a place where moonshine whisky and beer were
unlawfully manufactured, stored and possessed.    He

---

[1]Intoxicating Liquors, 33 C. J. § 371; [2]Id., 33 C. J. § 371 (Anno).

brings his case here on exceptions before sentence. All of the evidence was obtained by search warrant. The only question involved is the validity of that warrant. The affidavit was made on December 10, 1924, before the justice who issued the warrant. On the following day officers searched the dwelling house and farm buildings. They found a still in operation and a large quantity of supplies and a complete equipment for the manufacture of moonshine whisky in one of the outer buildings. In the house they found a quantity of whisky and beer. The defendant says that the affidavit failed to state, "the exceptional conditions specified in the statute which authorize the search of a private dwelling or residence occupied as such;" that it did not "specifically state that the dwelling house itself is used as a place of public resort or that intoxicating liquors are manufactured and sold in the dwelling itself" and that it does not state "facts and circumstances sufficient to make it appear that there was probable cause for issuing the warrant." We think a recital of the material parts of the affidavit will show that the defendant's objections are without merit. After reciting that intoxicating liquors are manufactured, possessed, sold, furnished or given away on certain described premises, the affidavit states:

"That said buildings include a private dwelling house occupied as such, but the place is one of public resort and intoxicating liquors are being manufactured and sold there.

"That he, the said affiant, believes and has good reason to believe that the aforesaid named intoxicating liquors, together with vessels, containers, implements, furniture used in the illegal manufacture, possession, sale and furnishing and storage of said intoxicating liquors are now concealed in the building on the premises afore described, contrary to law.

"That the facts supporting the belief of the affiant and upon which the foregoing allegations are made are as follows: he is well acquainted with the odors

of intoxicating liquors and whisky mash, being moonshine whisky in process of manufacture; that he was on said premises the evening of December 9, 1924, and at and near its various buildings, he distinctly noticed the odors of moonshine whisky and whisky mash and knows that the same was being manufactured, possessed there. A large number of automobiles came there in the early evening containing a large number of people and they were drinking liquor on the premises; this is the third time I have been on the premises at night during the last six weeks and each time I noticed the odor of intoxicating liquors and the congregating of a large number of people."

This affidavit contains sufficient facts to warrant the finding of probable cause for believing that the defendant's dwelling was used as a place of public resort and for the unlawful manufacture and sale of intoxicating liquors. On this question the case is controlled by *People* v. *Schregardus*, 226 Mich. 279. See, also, *People* v. *Hertz*, 223 Mich. 170.

Further objection is made to the sufficiency of the affidavit because the different acts mentioned in the statute as constituting the offense are alleged in the disjunctive. The same nicety of pleading is not required in an affidavit of this kind as in an indictment. The affidavit is sufficient if it substantially alleges the offense in relation to the premises to be searched. Section 27, Act No. 338, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 7079 [27]).

There are no other questions requiring discussion. We find no reversible error in the record.

The judgment of conviction is affirmed. The case is remanded for sentence.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.