PEOPLE v. KERWIN.

1. INTOXICATING LIQUORS — AFFIDAVIT FOR SEARCH WARRANT — SUFFICIENCY OF AVERMENT.

The averment in an affidavit for a search warrant that affiant has seen liquor taken to and on the premises to be searched during the past 12 hours, and that he has observed large numbers of people going to and coming from said premises nearly every night in the past 30 days, among them people known to handle intoxicating liquor, was sufficient to confer jurisdiction on the officer to issue the warrant.[1]

2. SAME—SEARCH WARRANT—JURISDICTION.

Where an affidavit for a warrant to search for intoxicating liquors was sufficient to confer jurisdiction upon the officer to issue the warrant, jurisdiction was not lost by proof aliunde that the facts therein positively stated were in reality stated upon information and belief.[2]

3. SAME—EVIDENCE—MOTION TO SUPPRESS.

Where the validity of the search warrant under which intoxicating liquor was seized was questioned on defendant's examination on a charge of violating the prohibition law, and his motion to suppress the evidence thereby obtained was denied, it was error to permit the legality of the search to be again gone into on the trial.[3]

Exceptions before judgment from Shiawassee; Collins (Joseph H.), J.    Submitted April 16, 1926. (Docket No. 155.)    Decided June 7, 1926.

Thomas Kerwin was convicted of violating the liquor law.    Affirmed.

Thomas A. Lawler, for appellant.

Andrew B. Dougherty, Attorney General, and Leon F. Miner, Prosecuting Attorney, for the people.

[1]Intoxicating Liquors, 33 C. J. § 371; [2]Id., 33 C. J. § 371; [3]Criminal Law, 16 C. J. § 1110 (Anno).

SHARPE, J.    Defendant reviews his conviction on
a charge of violating the prohibition law on exceptions
before sentence.    The liquor found on defendant's
premises, which was received in evidence, was secured
under a search warrant.    A motion to suppress was
seasonably made.    Error is assigned on the denial of
this motion.    The affidavit on which the search war-
rant issued was made by the chief of police of the city
of Owosso.·    He deposed that he had good reason to
believe that certain intoxicating liquors were con-
cealed on the premises occupied by the defendant in
that city (describing them) and that the grounds of
such belief were as follows:

"Has seen liquor taken to and on said premises
during the past 12 hours.    He has observed large
numbers of people going to and coming from said
premises nearly every night in the past 30 days, among
them are people known to handle intoxicating liquor."

This averment was sufficient to confer jurisdiction
on the officer to issue the warrant.    *People* v. *Warner,*
221 Mich. 657; *People* v. *Schregardus,* 226 Mich. 279;
*People* v. *Schuitema,* 231 Mich. 678.    Counsel rely on
*People* v. *Mitroff,* 231 Mich. 661.    There was no aver-
ment in the affidavit in that case as to when the ob-
servations on which the charge rested were made,
and the warrant was held to be invalid on the authority
of *People* v. *Musk,* 231 Mich. 187.

An examination was had.    The motion to dismiss
was based upon the facts revealed therein as well as
upon the insufficiency of the averments in the affidavit.
On the examination defendant's counsel sought to show
that the facts stated by the officer in his affidavit were
not within his personal knowledge.    This question
was presented in *People* v. *Czckay,* 218 Mich. 660, and
it was there said by Chief Justice FELLOWS:

"The affidavit gave the police judge jurisdiction to
issue the writ.    This jurisdiction was not lost by

proof *aliunde* that the facts therein positively stated were in reality stated upon information and belief. This is settled by numerous decisions of this court" (citing them).

This holding has been followed in *People* v. *Christiansen*, 220 Mich. 506; *People* v. *Musczynski*, 220 Mich. 536; *People* v. *Knopka*, 220 Mich. 540; *People* v. *Flaczinski*, 223 Mich. 650; *People* v. *Ranes*, 230 Mich. 384. The motion to suppress was properly denied.

It appears, however, that on the trial the legality of the search was again gone into. This should not have been permitted. When the motion to suppress was denied, the prosecution was entitled to offer the liquor in evidence, and the jury were in no way concerned with the manner in which it had been secured. *People* v. *Marxhausen*, 204 Mich. 559 (3 A. L. R. 1505) ; *People* v. *Miller*, 217 Mich. 635; *People* v. *Vulje*, 223 Mich. 656; *People* v. *Coffey*, 225 Mich. 532; *People* v. *Boyd*, 228 Mich. 57.

Error is assigned upon certain portions of the charge. We have read it with care, and are satisfied that defendant's rights were fully protected in the instructions as given.

The exceptions are overruled, and the trial court directed to proceed to sentence.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.