PEOPLE *v.* WILLIS.

1. INTOXICATING LIQUORS—SUFFICIENCY OF AFFIDAVIT FOR SEARCH WARRANT.

 An affidavit for the issuance of a search warrant which, in addition to the unequivocal charge of fact, not upon information and belief, that the premises consisted of a private dwelling which was being used as a place of public resort and for the unlawful manufacture and sale of intoxicating liquors, also averred that affiant had personally observed persons enter the building in a sober condition and later leave in a drunken condition, all within four days next preceding the day of making the affidavit, *held*, sufficient to justify issuance of warrant.

2. CRIMINAL LAW—LEGALITY OF EVIDENCE SHOULD NOT BE RAISED ON TRIAL WHERE MOTION TO SUPPRESS DENIED BEFORE TRIAL.

 Where the matter of the search and its legality was gone into before the trial, upon motion to suppress the evidence obtained thereby, and the motion was denied, the matter should not again be gone into on the trial, but the prosecution had a right to offer the liquor in evidence, and the jury were in no way concerned with the manner in which it had been secured, and the same rule applies in trial before the court without a jury.

Error to Bay; Houghton (Samuel G.), J.     Submitted April 12, 1928.     (Docket No. 167, Calendar No. 33,659.)     Decided June 4, 1928.

Guy Willis was convicted of violating the liquor law, and sentenced to imprisonment for not less than 18 months nor more than 2 years in the State prison at Jackson.     Affirmed.

*Collins & Thompson,* for appellant.

*Wilber M. Brucker,* Attorney General, and *Frank C. Patterson,* Prosecuting Attorney, for the people.

FEAD, C. J.   On September 26, 1927, defendant, upon trial before the court without a jury, was convicted of unlawful possession of intoxicating liquors, principally upon evidence obtained by virtue of a search warrant, without which it is evident and is conceded the conviction cannot be sustained.   Defendant did not testify, but relied solely upon the claim that the search was illegal.

In due time before the trial, counsel for defendant made a motion to suppress the evidence obtained by virtue of the search warrant on the grounds (a) that the reasons given in the complaint for the search warrant for belief that intoxicating liquor was then possessed at the place designated in the warrant were insufficient to show probable cause for the search, (b) that the place searched was a garage building not designated in the complaint or warrant, and (c) that the search was made without a search warrant and without authority.

The grounds for belief that intoxicating liquor was possessed at the premises described are stated in the complaint for the search warrant:

"Affiant has personally observed several persons enter said building and premises in a sober condition and later leave in a drunken condition, all of which observation and acts occurred within four days next preceding the day of making this affidavit."

In addition to these averments, the affiant also made the unequivocal charge of fact, not upon information and belief, that the premises consisted of a private dwelling which was being used as a place of public resort and for the unlawful manufacture and sale of intoxicating liquors.   The complaint warranted the belief that liquors were unlawfully possessed at the place named and the affidavit and warrant were not insufficient as a matter of law.   *People* v. *Christiansen,* 220 Mich. 506; *People* v. *Schregardus,* 226 Mich. 279;

*People* v. *Kerwin,* 234 Mich. 686; *People* v. *Schuitema,* 231 Mich. 678.

The record does not permit consideration of the other grounds assigned in the motion to suppress. The motion was not supported by affidavits, no testimony was·presented on the hearing on the motion and the facts applying to the grounds relied upon for suppression of evidence are not shown upon the complaint and warrant or return. It is true that the whole matter of the search and its regularity was inquired into on the trial. But such evidence cannot be considered in support of the motion to suppress. With patient but progressive vigor this court has continued to outline the practice, in the late case of *People* v. *Kerwin, supra,* endeavoring to make it even more emphatic in the following language:

"It appears, however, that on the trial the legality of the search was again gone ·into. This should not have been permitted. When the motion to suppress was denied, the prosecution was entitled to offer the liquor in evidence, and the jury were in no way concerned with the manner in which it had been secured."

The same rule applies in trial before the court without a jury.

The judgment is affirmed.

NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred. POTTER, J., did not sit.